## Samuel P. Foot *vs.* Nathan F. Hunkins & trustees.

On trial of an issue between A. and B. whether land was owned by B. or by C., B. contended, and C. testified in his behalf, that C. failed in business ten years before, and never afterwards had any property or means of acquiring any; and, on cross-examination, C. testified that the cause of his failure was his inability to meet his payments. *Held*, that evidence was competent, in rebuttal, that C. at the time of his failure had put property into the hands of a relative, without consideration, and to secure it to his own use ; and that, to contradict C., evidence was competent of his declarations at and about the time of his failure that he had sufficient means to pay his debts.

Trustee process. In the superior court, Charles C. Hunkins obtained leave to appear as claimant of a sum which was disclosed in the trustees' answer as due from them on account of certain lumber which they bought from the principal defendant.

At the trial, before *Lord.* J., after the decision reported 14 Allen, 15, the claimant, in opening his case to the jury, set up that this wood was cut from land purchased with his own money; " and went on to say that the plaintiff raised a question of fraud and want of good faith in regard to the transaction ;" and in this

connection said further that in 1857 the defendant failed in busi-
ness in New Hampshire, and had since that time been struggling
for a living.

In support of his claim, he called, among other witnesses, the
defendant, who testified that the lumber which he sold to the
trustees was the claimant's property, and was cut by himself
from the claimant's land under a written agreement between
himself and the claimant, introduced in evidence, dated Octo-
ber 10, 1863, in which he agreed " to cut, work, sell and market
to the best advantage all the wood and timber now standing
on five acres of land situated in Plaistow, (being the same that
the said C. C. Hunkins has bought of Henry Noyes,) for one
half of the proceeds arising from the sale of the said wood and
timber, after deducting three hundred dollars, half the amount
paid for the same ;" and that he had no power or interest with
regard to the lumber, other than that derived from this agree-
ment. On cross-examination, he testified that in 1857 " he found
himself unable to meet his payments, and failed ;" and further
testified that about the time of his failure he joined with his then
partner. John Curtis, in making certain conveyances of part-
nership property, which afterwards were adjudged in the New
Hampshire courts to be void as against the creditors of the firm.

The claimant also put in evidence the deed of the woodland
from Noyes to himself, and testified that he paid his own money
for it.

The plaintiff, however, contended that it was purchased with
money of the defendant; and to support this view of the case,
and to contradict the defendant, called William H. Hill as a
witness to prove that in 1857, immediately after failing, the
defendant told him " that he intended to have the disposition of
his own property, that he could pay his debts if he could have
the turning of his own property, and that he had put it out of
his hands for that purpose because he did not mean to have it
sacrificed at a forced sale." This testimony, against the claim-
ant's objection, the judge admitted for the sole purpose of con-
tradicting the defendant; and, against the same objection, he
admitted testimony of John Curtis, offered by the plaintiff, to

the effect that the partnership property which he and the defend-ant conveyed in 1857 was more than sufficient to have paid all the debts of the firm, that relatives of the defendant to whom they conveyed it were not creditors of the firm, and that the defendant said " that he intended to have the disposal of the property because they were to be sued, and he was going to put it into the hands of his brother and brother-in-law because they were good and it would be safe." With regard to this testi-mony of Curtis, the judge instructed the jury that it " was ma-terial in merely a single view of the case : that it was contended by the plaintiff that the defendant, at the time of his failure in 1857, reserved a considerable amount of property to himself and to his own use, which he has been since that time using for his own purposes but in the names of various members of his fam-ily, and that this very wood lot was purchased with money so reserved in 1857, or the proceeds of such money ; that in this view the testimony of Curtis was competent for the purpose of showing that the defendant had the means of thus carrying on business for his own benefit in the names of others, but was wholly immaterial unless the jury were satisfied that it was by this property that the wood lot was purchased by and for the benefit of the defendant."

The jury returned a verdict for the plaintiff, and against the claimant, who alleged exceptions.

*H. Carter*, for the claimant.

*S. B. Ives, Jr., & D. Saunders, Jr.*, for the plaintiff.

HOAR, J. The evidence to which the claimant objected, though not of great weight, was competent for the purpose for which it was admitted at the trial, and the exceptions taken by the claimant to its admission must therefore be overruled.

A material question upon the issue between the plaintiff and the claimant was this, whether the land, and the wood taken from it which N. F. Hunkins sold to the persons summoned as trustees, were his property, or purchased with his money and held in trust for him, or whether they were the property of the claimant. In opening his case, the claimant stated to the jury in effect as one proof that they were not the property of N. F

Hunkins, that N. F. Hunkins failed in business in 1857, and since that time had had no property nor means of acquiring any. He introduced the testimony of N. F. Hunkins, substantially in support of this proposition. To meet this claim and evidence, the plaintiff was allowed to offer evidence from Curtis that N. F. Hunkins had property at the time of his failure, which he had put into the hands of a relative without consideration and for the purpose of securing it for his own use; which was evidence slightly tending to show that he had the disposal of it. It tended to meet the argument and evidence that he did not furnish the money to buy the wood land, because he had no means to do it. It showed a source from which such means might possibly, if not probably, have been derived. The time was somewhat remote; but it was the time to which the claimant had himself referred; which he had chosen as the point of starting in investigating the relations of the parties; and the distance of time was not so great as to make the evidence inadmissible.

The contradiction of N. F. Hunkins, by proof of his declarations from Hill and Curtis, was competent evidence, because it was upon a material question, though brought out on cross-examination. His declarations would not have been admissible as proof of the truth of the fact which he stated; but, as he was a witness, he could be contradicted upon any part of his testimony material to the issue.　　　*Exceptions overruled.*