ALFRED L. STRONG *vs.* JOHN CONNELL.

Hampshire.   September 16, 1874.   WELLS & MORTON, JJ., absent.

It is within the discretion of the judge presiding at a trial to exclude evidence offered in rebuttal, which might have been introduced, by the party offering it, in putting in his case.

In an action to recover for an injury sustained by a horse through the alleged negligence of the defendant in taking the horse on slippery ground, the presiding judge gave general instructions not excepted to as to what constituted due care. The plaintiff then requested the court to rule, " that if the ground was slippery, or the horse's shoes so smooth that they slipped with no load, common prudence required of the defendant greater care in the use of the horse than if its shoes had been sharp, or the ground not slippery." This instruction the court declined to give, saying that the jury were to consider all the circumstances, and these among others. *Held*, that the plaintiff had no ground of exception.

TORT for the conversion of a horse.   At the trial in the Superior Court, before *Wilkinson*, J., the plaintiff offered evidence that he sent the defendant with the plaintiff's horses to draw certain logs on level ground, and told the defendant not to take the horses upon a hill, and that the plaintiff had engaged oxen with which to draw the logs on the hill down to level ground; that the defendant took the horses upon the hill to drag a log lying there, about sixty feet, to a steep bank, where the log would roll down to level ground, and in attempting to draw the log across a ravine about twenty feet from where the log was first lying, a hind leg of one horse was broken; that there was a thin slippery snow then on the ground, that the shoes on the horses were smooth, and that the horses slipped considerably in going up the hill with no load, before being hitched to the log, and that the defendant knew the horses' shoes were smooth; and that the ground in the direction opposite to that from which the defendant attempted to draw the log was level, with no obstruction and more practicable.

The defendant testified that the place to which he attempted to draw the log was more convenient for rolling it down; that the plaintiff told him, the evening before the breaking of the horse's leg, that the logs on the hill were to be drawn down to level ground with oxen, but that the plaintiff the next day told the defendant to draw those logs down with the horses if he could. He also testified that the leg was broken by the slipping and fall-

ing down of the horse in trying to draw the log out of the ravine. On cross examination, the defendant was asked if there was not on the evening after the horse's leg was broken a talk about it between himself and the plaintiff, in which the plaintiff said to him, " The only difficulty about it is, you went where I told you not to ; " and to which statement the defendant replied, " I know it, and will do what is right about it." The defendant denied any such conversation.

The defendant did not testify in his direct examination concerning such conversation, nor was any inquiry made concerning the same. The plaintiff was recalled by way of rebuttal, and asked whether or not he made said statement to the defendant and the defendant so replied. This was objected to by the defendant, and excluded by the court, but the plaintiff was allowed to state that the defendant did admit to him his liability to pay for the horse.

The plaintiff denied having told the defendant to get any logs from the hill ; and contended that if the defendant took the horse where he was told not to, that would be a conversion which would make him liable for subsequent damage, although he used due care, or if he failed to exercise ordinary care in the work he was directed to do, he would be liable for damage resulting therefrom. The court so instructed the jury, and also instructed them generally as to what constituted due care, which was not objected to. The plaintiff then requested the court to instruct the jury " that if the ground was slippery, or the horses shoes so smooth that they slipped with no load, common prudence required of the defendant greater care in the use of the horses than if their shoes had been sharp, or the ground not slippery." The court refused to give this instruction, saying that the jury were to consider all the circumstances, and these among others, in deciding whether the defendant exercised ordinary care.

The jury returned a verdict for the defendant ; and the plaintiff excepted.

*A. J. Fargo*, ( *W. G. Bassett* with him,) for the plaintiff.

*E. R. Gillett & H. R. Stevens*, for the defendant.

BY THE COURT. If the testimony of the plaintiff as to the conversation between him and the defendant was material, it was as tending to show an admission by the defendant that he was in

the wrong, and might have been introduced by the plaintiff in putting in his case. It was therefore within the discretion of the presiding judge to exclude it when offered in rebuttal of the defendant's evidence.

The subject of the instructions requested was rightly submitted to the jury together with the other circumstances of the case.

*Exceptions overruled.*