ANDREW J. WHEELER *vs.* H. M. A. WHEELER.

Suffolk.    November 12, 1874.    WELLS & DEVENS, JJ., absent.

On the issue whether the defendant made the contract sued upon, the plaintiff rested his case on an auditor's report in his favor; the defendant denied making the contract; the plaintiff then offered evidence as to what was said and done by the parties at the time when he contended the contract was made. *Held,* that this evidence was part of the plaintiff's case, and that it was within the discretion of the judge at the trial to exclude it.

CONTRACT on an oral agreement.

At the trial in the Superior Court, before *Brigham*, C. J., the plaintiff offered in evidence the report of an auditor, who found that there was an implied agreement on the part of the defendant to abide by and perform the contract set forth in the declaration. The plaintiff's counsel stated to the presiding judge, before resting his case on the report alone, that the plaintiff had other evidence of the contract relied on, which he might wish to put in after the defendant's case was closed; to which the judge replied that a plaintiff, having an auditor's report in his favor, had his election to put in his whole case, or to stand on the report alone in the first instance, and run the risk of being able to control the defendant's case in rebuttal; that such a course had its advantages and its disadvantages, and the counsel must elect which course to pursue, as it was within the discretion of the judge how far in such a case the plaintiff should be allowed to put in evidence to sustain the auditor's report not strictly in rebuttal of the defendant's testimony, and which would be competent for the plaintiff in the beginning. The plaintiff then rested his case.

The defendant testified that she never made, consented to, or had any knowledge of, the alleged contract. After her evidence was all in, the plaintiff offered to put in evidence as to what was said and done between the parties at the time of making the alleged contract; but the judge refused to admit it, stating to the counsel for the plaintiff that this evidence made a part of his original proof which it was competent for him to put in in the first instance; and that, not having elected to put it in then, it was afterwards within the discretion of the judge to permit him to put it in or not; that under the circumstances of the case he should decline to admit any testimony not strictly in rebuttal, and as the testimony offered was not of that class he should reject it.

The jury found for the defendant; and the plaintiff alleged exceptions.

*C. P. Hinds*, for the plaintiff.

*P. E. Tucker*, for the defendant, was not called upon.

BY THE COURT. The evidence rejected was part of the plaintiff's case, and it was within the discretion of the judge to admit or reject it when offered in rebuttal. *Lowe v. Pimental*, 115 Mass. 44. *Exceptions overruled.*