GEORGE W. EAMES *vs.* LUTHER WHITTAKER.

Worcester.   Oct. 3. — Nov. 3, 1877.   ENDICOTT & LORD, JJ., absent.

A communication, otherwise slanderous, is protected as privileged, if made in good faith in the prosecution of an inquiry regarding a crime that has been committed, and for the purpose of detecting and punishing the criminal.

If a question is put to a witness on cross-examination, which is collateral or imma-terial to the issue, his answer cannot be contradicted.

It is within the discretion of a judge to exclude evidence offered by a plaintiff in rebuttal, which would have been competent as a part of his case in chief.

TORT for slander.   The declaration alleged that the defend-ant publicly, falsely and maliciously accused the plaintiff of the crime of larceny, by words spoken of the plaintiff substantially as follows :  " He broke into my house and robbed it."   " He entered my house and robbed it."   " He entered my house and stole my money and my son's money."   " My son Herbert saw him in the house and saw him rob it, and will testify to it." Answer: 1. A general denial.   2. That the accusations, if made, were true.   3. That, if the words alleged to have been spoken should be proved, they were privileged communications, made in the course of a prosecution against the plaintiff for larceny. Trial in the Superior Court, before *Wilkinson*, J., who allowed a bill of exceptions in substance as follows :

The plaintiff rested his case on the declarations of the defend-ant to himself in the presence of third persons and to three wit-nesses, Morrill, Brigham and Cutting, the latter two being con-stables to whom the defendant applied to make an arrest under a warrant issued by a magistrate, on his complaint.   It appeared that the defendant, the day after his house was robbed, called upon Morrill, a neighbor, and informed him of the robbery, and,

in answer to the inquiry, " Do you suspect any one ? " replied, " Yes, I have good reason to believe that George W. Eames did, and I think he is the one." The defendant testified that he called upon Morrill to see if he could make any suggestions that would lead to the detection of the thief ; and that he advised with him and learned that Morrill had let to the plaintiff a horse and wagon for that evening, and arranged to have the plaintiff arrested when he was about to have the horse and wagon. The plaintiff contended and asked the judge to rule that, under the circumstances, the communication to Morrill was not a privileged one. The judge refused so to rule, and instructed the jury that if the defendant called upon Morrill for the purpose of taking such action as would lead to the detection of the robber of his house, and made the communication to him in good faith and without malice, then the communication was a privileged one.

The defendant called his son Herbert as a witness, and, on his cross-examination by the plaintiff, he was asked whether he had not told, at a time specified, one Mulchay that his father had accused his mother, the wife of the defendant, of being the thief who had stolen his money, and had choked her to make her tell what she had done with the money; and whether he had not told Mulchay, in the same conversation, that his father had tried to get him to go into court and testify that he saw the plaintiff in the house of the defendant on the night of the robbery. The defendant's son answered both questions in the negative, and denied that his father had ever tried to get him to testify or had ever accused and choked his mother. The plaintiff, for the purpose of contradicting and impeaching the son, called Mulchay as a witness, and asked him whether Herbert had told him, in the conversation referred to, what the plaintiff had asked Herbert on his cross-examination. The judge excluded the evidence.

The defendant was asked, on his cross-examination, whether he had not told one Rice that he had no doubt but that the plaintiff was the one who had entered his house and robbed it. He answered the question in the negative. The plaintiff called Rice as a witness, and asked him whether the defendant had told him that he had no doubt but that the plaintiff was the one

who had entered his house and robbed it. The defendant objected to the question, and the judge asked for what purpose the evidence was offered. The plaintiff said he offered it for the purpose of showing that the defendant had accused the plaintiff as alleged in his declaration, as showing malice on his part by a repetition of the slander, and as contradicting and impeaching the defendant's testimony. The judge ruled that it was a part of the plaintiff's case and should have been introduced in chief. The plaintiff then appealed to the judge, in the exercise of his discretion, to allow the evidence to be introduced at this stage of the trial as newly discovered evidence, but the judge refused to grant his request. The plaintiff then offered the evidence for the sole purpose of contradicting and impeaching the defendant's testimony; but the judge excluded the evidence.

The jury returned a verdict for the plaintiff for $1; and the plaintiff alleged exceptions.

*B. W. Potter*, for the plaintiff.

*W. S. B. Hopkins & H. F. Harris*, for the defendant.

MORTON, J. 1. Upon grounds of public policy, communications which would otherwise be slanderous are protected as privileged, if they are made in good faith in the prosecution of an inquiry regarding a crime which has been committed and for the purpose of detecting and bringing to punishment the criminal. The instructions in this case at the trial were substantially in accordance with this rule and were correct.

2. It is not shown that there was any error in the rejection of the testimony of the witness Mulchay. The declarations made by the son of the defendant were not admissible as proof of the facts he stated. They were immaterial and incompetent, unless they tended to contradict him upon some part of his testimony material to the issue. *Foot* v. *Hunkins*, 98 Mass. 523. The bill of exceptions does not show what the testimony of the son was, and therefore does not show that the offered testimony of Mulchay had any such tendency. The fact that the defendant's son, on his cross-examination, had denied that he made these declarations, does not give the plaintiff the right to put them in evidence. The plaintiff, having cross-examined the witness upon an irrelevant and collateral matter, is concluded by his answers, and cannot be allowed to contradict them.

3. The testimony of Rice, to the effect that the defendant had told him that "he had no doubt that the plaintiff was the one who entered and robbed his house" would have been competent, to show motive, as a part of the plaintiff's case in chief. But it was within the discretion of the court, in the ordering of the course of the trial, to exclude it at the stage at which it was offered. *Strong* v. *Connell*, 115 Mass. 575.

*Exceptions overruled.*