HENRY STEAD *vs.* CITY OF WORCESTER.

Worcester.    September 30, 1889. — November 29, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Sewer — Evidence — Expert.*

In an action for an injury caused by the overflow of a sewer into a cellar, an expert of large experience in the construction of sewers may properly be asked if in his opinion it was proper construction, under the circumstances, to leave the end of the connecting drain in the cellar open and unprotected against the influx of sewage.

TORT for an injury caused by the overflow of a common sewer through a connecting drain into the plaintiff's cellar.

At the trial in the Superior Court, before *Staples*, J., the plaintiff's evidence tended to prove that the sewer in question was duly built in a street of the defendant city in 1881; that the plaintiff, in 1884, duly laid a private drain from the bottom of the cellar under his shop, which was situated on that street, and connected it with the sewer for the purpose of draining his cellar: that the drain, which was constructed with a proper fall, consisted of a cement pipe, untrapped, and with the end in the cellar left open at grade with the bottom of the cellar, and with nothing to prevent the flow of water from the cellar into the drain, or to prevent the influx of sewage from the sewer through the drain into the cellar; and that, in 1887, sewage and water from the sewer flowed through the drain into the cellar, and filled it to a height of several inches above the opening of the drain, causing damage to the plaintiff's property therein.

Charles A. Allen, an hydraulic engineer and the city engineer of the defendant city, who was admitted to have had a large experience in the construction of sewers and waterworks, was asked the following question: " Suppose a cellar is dug where the shop of the plaintiff is, and of the depth described; suppose the premises to be constructed as plaintiff testifies to, is it proper construction to leave an open sewer pipe at the cellar end, as was done in this case? " The witness was permitted to answer the question, against the plaintiff's objection, and replied, " No, sir, I do not consider it proper "; and the plaintiff excepted. The judge thereupon directed the jury to answer specially whether the plaintiff was negligent in leaving open the end of the drain pipe in the cellar at grade.

The jury answered the question in the affirmative, and returned a verdict for the defendant; and the plaintiff alleged exceptions.

*W. B. Harding*, for the plaintiff.

*F. P. Goulding*, for the defendant.

KNOWLTON, J. The objection to the question to the witness Allen was not to its form, nor to its mode of bringing to his attention the facts upon which he was asked for an opinion, but that expert testimony could not be received upon the subject to which it related. The witness was admitted to be an expert of large experience in the construction of sewers and water-

works, and he must be presumed to have known whether gates, flaps, or other appliances could be used to prevent the influx of water from a drain into a cellar, and if they could, whether they would work satisfactorily, and whether it would be easy or difficult to put them in. His study and experience may be presumed to have also taught him the probability or improbability that, from sewers constructed as those in that neighborhood were, water would set back into house drains during a flood.

We are of opinion that these are not matters of common knowledge, and that the opinion of an intelligent expert may have been valuable at the trial upon the question what precautions were reasonably necessary on the part of the plaintiff to prevent a flow of water from the drain into his cellar. *Moulton* v. *McOwen*, 103 Mass. 587. *Commonwealth* v. *Choate*, 105 Mass. 451. *Kershaw* v. *Wright*, 115 Mass. 361. *Hand* v. *Brookline*, 126 Mass. 324.                    *Exceptions overruled.*