ANNIE LANSKY *vs.* WEST END STREET RAILWAY COMPANY.

Suffolk.    December 15, 1898. — March 2, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Evidence — Discretion of Presiding Justice — Trial —*
*Affidavit for Continuance — Rule of Superior Court.*

Evidence introduced by the defendant, in an action for personal injuries, that the
accident happened at a place other than that shown by the plaintiff's evidence,
does not make a new case which the plaintiff is entitled to meet, and the exclu-
sion of testimony offered in rebuttal by the plaintiff, corroborative of his evi-
dence, is within the discretion of the justice.

If, before a case is opened, the defendant's attorney files an affidavit, under Rule 34
of the Superior Court, that he believes that a certain witness, if present, would
give certain material testimony as stated, and adds that his belief is founded
upon the statement of a third person to whom the absent witness had made his
statement, it is not necessary that the affidavit of the third person should be
produced, or its absence accounted for.

TORT, for personal injuries sustained by the plaintiff through
the alleged negligence of the defendant.   At the trial in the
Superior Court, before *Hopkins,* J., the jury returned a verdict
for the defendant; and the plaintiff alleged exceptions, which
appear in the opinion.

*R. W. Nason,* for the plaintiff.

*W. B. Farr,* (*M. F. Dickinson, Jr.* with him,) for the defendant.

HOLMES, J.   This is an action for personal injuries.   At the
trial, the plaintiff's evidence was that she was run over at a par-
ticular crossing, and necessarily the rest of the evidence was more
or less inwoven with that as to the place.   The defendant then
put in evidence that the accident happened at a different place.
The plaintiff offered in rebuttal evidence corroborative of her
statement, which was rejected, and the plaintiff excepted.   It is
argued that the evidence for the defendant made a fresh case,
which the plaintiff was entitled to meet.   But the evidence as
to a different place was no more a fresh case than was the evi-
dence of a contract in *Phipps* v. *Mahon,* 141 Mass. 471, and
*Starratt* v. *Mullen,* 148 Mass. 570.   It was merely a practical
and vivid way of denying and breaking down the plaintiff's

statement of the place, in order to bring the other and more material parts of her case down with it. It follows that the admission or exclusion of the evidence rested in the discretion of the presiding justice. *Corey* v. *Janes*, 15 Gray, 543. *Eames* v. *Whittaker*, 123 Mass. 342, 345. *Howes* v. *Colburn*, 165 Mass. 385, 388.

Before the case was opened, the defendant's attorney filed his affidavit, under Rule 34 of the Superior Court,\* that he believed that a certain witness, if present, would give certain material testimony as stated. The attorney added that his belief was founded upon the statement of a third person, to whom the absent witness had made his statement. The affidavit was objected to on the ground that the affidavit of the person to whom the witness spoke should be produced, or its absence accounted for. The court ruled that the plaintiff either must submit to a continuance, or must admit that the witness would testify as alleged. The rule of the Superior Court does not require the strictness suggested by the exception, and neither law nor good sense warrants our reading such a requirement into the rule. What is needed to ground the motion is not formal proof that proof will be forthcoming, but simply reasonable ground to believe that it will be. The motion often has to be made unexpectedly and in haste, and it would be unreasonable to exclude hearsay, or hearsay of hearsay, by an absolute rule of law.

*Exceptions overruled.*

---

\* The material part of this rule is as follows: " No motion for a continuance, grounded on the want of material testimony, will be sustained, unless supported by an affidavit, which shall state the name of the witness, if known, whose testimony is wanted; the particular testimony which he is expected to give, with the grounds of such expectation, and the endeavors and means that have been used to procure his attendance or deposition; to the end that the court may judge whether due diligence has been used for that purpose."