ALEXANDER BURNSIDE *vs.* CITY OF EVERETT.

Middlesex.   January 12, 1904. — May 20, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Municipal Corporations.   Evidence*, Collateral issues.   *Witness*, Cross-examination, Questions to expert.   *Practice, Civil*, Exceptions.

In an action against a city for alleged negligence in improperly maintaining the gate at the end of an overflow pipe, so that after a heavy rainfall there was an overflow from a sewer through a connecting drain into the plaintiff's cellar, the plaintiff offered to prove that there had been an overflow two years before the one in question with the same system of sewerage, for the purpose of showing notice to the defendant that such an accident was likely to happen.   The presiding judge excluded the evidence.   *Held*, that the exclusion of this evidence as too remote was within the discretion of the presiding judge.

The extent to which a witness may be cross-examined as to collateral matters for the purpose of testing his accuracy and understanding is largely within the discretion of the presiding judge.   In this case that discretion was exercised rightly.

While a purely hypothetical question to an expert may be better in form, yet, if there is no dispute about the facts, a witness may be asked to state his opinion on the assumption that the evidence is true.

In an action against a city for alleged negligence in improperly maintaining the gate at the end of an overflow pipe, so that after a heavy rainfall there was an overflow from a sewer through a connecting drain into the plaintiff's cellar, the defendant asked its engineer the following question: "Assuming the rainfall to be in the nature as testified to by Mr. S., and as former witnesses testified, and assuming the gate in the Metropolitan to be closed, if the tidal gate in the overflow was closed at that time, what, in your opinion, would happen to the system?"   The witness answered that the sewer would overflow, as in his opinion it was not of sufficient capacity to carry off such an amount of rain water. There appeared to have been no conflicting evidence on the question of the nature of the rainfall.   *Held*, that there was no error in allowing the question to be put to the engineer in this form.

The refusal of a presiding judge to allow a witness for the plaintiff on rebuttal to contradict certain evidence for the defendant, on the ground that the testimony should have been put in as part of the plaintiff's case, is not a matter of exception, being within the discretion of the presiding judge.

LATHROP, J. This is an action of tort against a city for injuries caused by the overflow of a sewer through a connecting drain into the plaintiff's cellar. At the trial in the Superior Court, the jury returned a verdict for the defendant; and the only exceptions relate to questions of evidence.

It appeared in evidence that the injury was done on the night of February 28, 1902, when there was a very heavy rainfall, lasting four hours, amounting to seventy-eight one hundredths of an inch per hour; that the sewer connected with the metropolitan sewer, and had an overflow pipe twenty-four inches in diameter and fifty feet long, at the end of which was a gate which opened into Island End River; that at the end of this pipe was a gate hung on hinges, which kept the tide out when high, and let the sewage out when the tide was low; that the tide was low at the time of the storm; and that the hinges of the gate were apt to become rusty and not work freely. It further appeared that the gate was inspected from time to time and filed and oiled.

1. The first exception relates to the exclusion of an offer of proof, on cross-examination of one Doyle, a foreman of the Everett sewer department, and who had charge of inspecting the gates of the overflow pipes. The plaintiff offered to prove by this witness that there had been an overflow two years before the one in question, with the same system of sewerage, for the purpose of proving notice to the defendant that such an accident was apt to happen, and also for the purpose of testing the witness on cross-examination.

We are of opinion that the evidence was not admissible on either ground. A city is liable for not keeping its sewer in order, provided there is no want of due care on the part of the plaintiff, as in *Stead* v. *Worcester*, 150 Mass. 241, *Child* v. *Boston*, 4 Allen, 41. The gist of the action is negligence. There could have been no difficulty in this case in showing the condition of the sewer and of the gate when the damage was done; and the judge, in the exercise of his discretion, might well have excluded evidence of what happened two years before, on the ground that it was too remote. See *Gilbert* v. *West End Street Railway*, 160 Mass. 403. The evidence offered was as to a collateral fact which would furnish no legal presumption as to the facts in dis-

pute, and which the defendant was not bound to be prepared to meet. *Collins* v. *Dorchester*, 6 Cush. 396: *Marvin* v. *New Bedford*, 158 Mass. 464, 467.

The extent to which a witness may be questioned on cross-examination, as to collateral matters for the purpose of testing his accuracy, his understanding, etc., must rest largely in the discretion of the presiding judge. In the present case we see no error of law in excluding the evidence.

2. The second exception relates to the following question put by the defendant to one Harrison, the city engineer of the defendant: "Assuming the rainfall to be in the nature as testified to by Mr. Smith, and as former witnesses testified, and assuming the gate in the Metropolitan to be closed, if the tidal gate in the overflow was closed at that time, what, in your opinion, would happen to the system?" The witness answered that the sewer would overflow, as in his opinion it was not of sufficient capacity to carry off such an amount of rain water.

While a purely hypothetical question to an expert may be better in form, *Woodbury* v. *Obear*, 7 Gray, 467, yet this form is not the only one recognized in our decisions. *Hunt* v. *Lowell Gas Light Co.* 8 Allen, 169, 172. *Rafferty* v. *Nawn*, 182 Mass. 503. Generally, if there is a dispute about the facts, a witness cannot be asked to state his opinion on the assumption that the evidence is true. *Chalmers* v. *Whitmore Manuf. Co.* 164 Mass. 532. *McCarthy* v. *Boston Duck Co.* 165 Mass. 165. *Oliver* v. *North End Street Railway*, 170 Mass. 222, 223. In the first of these cases it is said by Mr. Justice Knowlton: "In determining whether a question is so framed as to bring to the aid of the jury matters purely of expert opinion in such form as to be intelligible, something must be left to the presiding judge, who often has before him facts which cannot well be presented in writing to an appellate tribunal, and whose finding upon any doubtful question of fact cannot be revised by this court." The same rule was stated in the two cases last above cited.

In the case before us we find nothing in the bill of exceptions which shows any conflicting evidence on the question of the nature of the rainfall, which is the only part of the question that can be objected to; and we see no error of law in admitting the question in the form in which it was put.

3. The third exception relates to the refusal of the judge to allow one Hodgson, in rebuttal, to contradict the testimony of Harrison given above, on the ground that the testimony should have been put in as part of the plaintiff's case. We are of opinion that no error of law appears. This was a matter clearly within the discretion of the judge, and not a matter of exception. *Martin* v. *Maguire,* 7 Gray, 177. *Corey* v. *Janes,* 15 Gray, 543. *Eames* v. *Whittaker,* 123 Mass. 342. *Howes* v. *Colburn,* 165 Mass. 385, 388. *Lansky* v. *West End Street Railway,* 173 Mass. 20.

*Exceptions overruled.*

*M. S. Holbrook,* (*M. Holbrook* with him,) for the plaintiff.
*W. S. Thompson,* for the defendant.