BENJAMIN ˚KATZENSTEIN ET ALS. vs. THE CITY OF
HARTFORD.

First Judicial District, Hartford, May Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In a suit by a landowner alleging that the city had constructed and
    was maintaining a proper and ample sewer, but that it had neg-
    lected to relieve a stoppage in the sewer after due notice, the ac-
    tion is one for negligence in this respect and the proof must fol-
    low the allegations.
A charge to the effect that if the property-owner is without fault the
    city is liable ˚for any injury from an obstruction in the main sewer
    (a duty resting upon the city to keep its sewer free from such
    obstruction), is erroneous, as it ignores the element of negligence
    and makes the city an insurer.
The fact that the city by its charter has exclusive power to construct
    sewers, and is under a duty to make repairs, does not render
    it liable for obstructions unless they were caused through, or
    suffered to remain because of, its negligence.
Under an averment that the defendant's negligence consisted of its
    failure to remove the stoppage after due notice of it, there can
    be a recovery only of damages and expenses resulting from such
    failure after having received or become chargeable with notice.
    Upon failure to prove its negligence there can be no recovery
    in the action of the expense incurred by the plaintiffs at the re-
    quest of the city in locating the cause of the trouble.
Where it is not claimed that the sewer was insufficient or defective,
    evidence of other obstructions than that causing the injuries is
    inadmissible.
Evidence of the character of the obstruction is admissible, in so far as
    it tends to show whether or not the city was negligent.

Argued May 5th—decided June 2d, 1908.

ACTION to recover damages for injuries to the plaintiffs'
building caused by the set-back of sewage from a street
sewer, brought to the Court of Common Pleas in Hartford
County and tried to the jury before *Coats, J.;* verdict and
judgment for the plaintiffs, and appeal by the defendant.
*Error and new trial ordered.*

*Arthur L. Shipman,* for the appellant (defendant).

˚*Albert C. Bill,* for the appellees (plaintiffs).

HALL, J.    After allegations, which are admitted by the answer, that the defendant, under the powers conferred by its charter, constructed in a certain highway in Hartford a sufficient public sewer, for which the plaintiffs' property was duly assessed, and with which the plaintiffs lawfully connected their land and building, paragraph 4 of the complaint contains these averments :—

" 4.  On or about January 1st, 1907, said sewer became stopped at a point about twenty-five (25) feet east of and at a lower grade than the property of the plaintiffs, thereby causing the filth and water accumulated in said sewer to be forced through the plaintiffs' opening into said sewer, thereby flooding and filling the cellar with said sewerage."

After describing the loss and damage thereby caused to the plaintiffs and their property, paragraphs 6 and 7 of the complaint contain these allegations :—

" 6.  On or about the 15th day of January, 1907, the said defendant was duly notified of the condition of said premises by reason of the stoppage in said sewer, but took no means to relieve the plaintiffs from said nuisance and injuries resulting from said sewer for a long period of time thereafter.

" 7.  That by reasons aforesaid, and the defendant's wrongful neglect and omission the plaintiffs were obliged to expend " certain named sums, amounting to about $100, in digging up the street and endeavoring to prevent the water and sewage from setting back upon their premises, and in making certain stated repairs.

It was undisputed at the trial that the sewer was constructed by the city long before the injuries complained of ; that on or before February 26th, 1907 (the plaintiffs claimed on the 15th of February), it became obstructed by an accumulation, which forced the sewage through the plaintiffs' lateral drain into their cellar, to a depth of more than two feet; that on said day the plaintiffs sent this writing to the superintendent of public streets, " Mr. Hansling, Dear Sir: The sewer at 31 Russell Street is stuffed up.  Kindly attend to the same at once "; that

Hansling thereupon went to the premises and saw the conditions, and told the plaintiffs to ascertain whether the lateral drain was obstructed, and, if necessary, to dig it up for that purpose; that until that was done the city would do nothing, and that the city would reimburse them if it was found that the main sewer was obstructed; that the plaintiffs, at the expense of $41.10, uncovered the lateral drain, when Hansling became satisfied that the obstruction was in the public sewer, and found and removed it sometime in March (the plaintiffs claim on the 13th).

The plaintiffs claimed to have proved that they gave verbal notice to the city of the obstructed condition of the sewer, prior to said written notice of February 26th.

The defendant denied having had any knowledge or notice of said obstruction previous to said written notice, and claimed that, immediately upon receiving it, Hansling visited the premises, and informed the plaintiffs that in his opinion the obstruction was in the lateral or house drain, and that the rule of the street department in such cases, where there was a difference of opinion as to the cause of the set-back, was that the property-owner must show that the house drain is clear before the city would open the main sewer, and that, if it was so shown, the city would reimburse the owner for the expense of opening it; that Hansling closely observed the plaintiffs' work in opening the lateral sewer, and that, when on March 7th, he became satisfied that the obstruction was in the main sewer, he proceeded to uncover it and remove the obstruction.

The defendant requested the trial judge to charge the jury that omission to make proper repairs of a sewer does not, in itself, constitute negligence; that the mere fact that a stoppage in a sewer exists, and causes damage, does not, in itself, constitute negligence of the city, and render it liable for such damage; that to hold the city liable the jury must find that the city unreasonably neglected to make the necessary repairs after notice of the obstruction.

The trial judge should have charged the jury in accordance with these requests. He instructed the jury as fol-

lows: "In the case where the city has constructed and put into use a main sewer, which, but for an obstruction therein, would be adequate at all ordinary times to take care of and convey away the sewage flowing therein without setting it back through lateral drains, and the property owner situated like the plaintiff is without fault, the city ought in law to be held by you as liable in damages for any injury which may result from a set-back of sewage from a mere obstruction in the main sewer. . . . A duty rests upon the city to keep its main sewer free from dangerous obstructions, and that duty does not remain dormant until the city has been notified of the obstruction. . . . In a case where it is doubtful whether an obstruction exists in the main sewer or in the lateral drain, both the city and the property owners act at their own peril in respect to the removal of the obstruction. . . . If the city compels a property owner to demonstrate the city's liability before it will do its duty, the reasonable cost of the demonstration rests upon the party thereby proved to be in fault."

This instruction entirely overlooks the element of negligence, which plaintiffs' counsel say in their brief is the ground of their action, and imposes upon the city the liability of an insurer against an injury caused as this was.

The law imposes upon the defendant city no such absolute liability for the injury so sustained by the plaintiffs. That the defendant has by its charter the exclusive power to lay out, construct, and alter public sewers, within its limits, and that it is made the duty of its board of street commissioners to cause the prompt completion of all necessary repairs of public sewers, does not render it liable for the injury to the plaintiffs' property, caused by an obstruction in a public sewer, which obstruction was neither caused, either negligently or otherwise, by the city or its agents, nor suffered to remain by their negligence.

The only ground upon which the plaintiffs can recover in this case is that the city was guilty of negligence (*Judd* v. *Hartford*, 72 Conn. 350, 44 Atl. 510; *Burnside*

v. *Everett*, 186 Mass. 4, 71 N. E. 82; *Smith* v. *Mayor*, 66 N. Y. 295), and guilty of the negligence described in the complaint. That it would be liable upon proof of such negligence is apparently not questioned by the defendant.

The only negligence of the defendant charged in the complaint is its failure to remove the obstruction from the sewer after notice of its existence. It is conceded that the sewer was properly constructed. The complaint alleges that it was ample and sufficient. There is no averment that the city or its workmen, either negligently or otherwise, caused the obstruction, nor that the city negligently failed to cause the sewer to be properly inspected or to keep it in repair, or that it negligently failed to perform any duty prior to the time that it was notified of the existence of the obstruction. The only alleged negligence of the defendant is described in paragraphs 6 and 7 of the complaint, as " the defendant's wrongful neglect and omission " in having, after due notice of the stoppage in the sewer, taken " no means to relieve the plaintiff from said nuisance and injuries resulting from said sewer for a long period of time thereafter." Under this averment the plaintiffs could only recover for damages and expenses resulting from the negligent failure of the defendant to remove the obstruction after it had received or become chargeable with notice of such obstruction. Upon failure to prove the alleged negligence they could not recover in this action the expense incurred by them at the request of the city.

As it is not claimed that the sewer was insufficient or defective, evidence of other obstructions than that which caused the injuries complained of was inadmissible.

Evidence of the character of the obstruction was admissible, in so far as it tended to show that the defendant was not negligent as alleged.

There is error and a new trial is ordered.

In this opinion the other judges concurred.