BENJAMIN F. BRIGGS *vs.* CHARLES F. ADAMS, 2ND, & others, trustees.

Suffolk.    October 5, 1914. — February 26, 1915.

Present: RUGG, C. J., LORING, DE COURCY, & CROSBY, JJ.

*Evidence,* Of title, In rebuttal.  *Practice, Civil,* Order of evidence.

At the trial of an action by the owner of land near the sea for damages alleged to have been caused by water flooding that land by reason of a break in a dam which the defendant through his negligence had allowed to become defective, the only evidence which the plaintiff offered to prove that the defendant owned the dam or was under any obligation to repair it was a deed conveying certain land to the defendant and mentioning a dam, from which it was impossible to identify the land therein described with land including the dam in question, and evidence that after the break in the dam two laborers employed by the city where the dam was had repaired it, that at some time some laborers, who had been seen working on premises belonging to the defendant, worked upon the dam, but whether they had so worked before or after the break and whether they worked with the city's laborers did not appear. The evidence of the defendant tended merely to show that at one time the land including the dam had belonged to another person. At the trial and at the argument before this court the defendant denied ownership of and responsibility for the dam. A verdict was ordered for the defendant.  *Held,* that the verdict was ordered rightly.

Where, at the trial of an action of tort for damages resulting from a break in a dam, it is a part of the plaintiff's case to prove that the title to the dam is in the defendant, it is within the discretion of the trial judge to refuse to permit the plaintiff to introduce in rebuttal evidence which tends merely to support that part of his case in chief and has no tendency to explain or control any evidence offered by the defendant.

RUGG, C. J.  This is an action of tort to recover damages alleged to have been sustained through a nuisance caused by the

defendants,* in that they maintained a dike for the purpose of excluding the waters of the sea from certain low lands in Chelsea in such negligent manner that it gave way, whereby property of the plaintiff was injured. It is stated in the bill of exceptions that the plaintiff, "to prove defendant's [defendants'] title, control and claim of ownership in the adjoining dike and surrounding premises, put in evidence its [their] answer as respondent [respondents] to the plaintiff's petition to register his part of said dike in said Land Court, and the deed referred to in said answer, from H. M. Whitney to defendant trustees, and a part of the plan referred to in said deed." This appears to be all the evidence upon this branch of the case. The description given in the deed is as follows:

"A certain parcel of land situate in Chelsea in the County of Suffolk, and Commonwealth of Massachusetts and bounded and described as follows: beginning at the easterly corner of lot 57 Williams Street, as shown on Shearer's plan of lands of the Winnisimmet Company and others, recorded with Suffolk Deeds at the end of Book 616, thence running Southerly by land now or late of said Winnisimmet Company to land of the United States thence running Northwesterly by land of the United States to Island End River, thence running Northwesterly, Northerly, Northeasterly, and Easterly by Island End River, to the dam, thence running Northerly on said dam to a point thereon opposite the middle of said Island End River; thence running Southeasterly across said dam and through the centre of the part of said River sometimes called Dike Pond, to the centre line of Cypress Street extended as shown on said plan and thence running Southeasterly again by a curved line and bounded Easterly in part by land now or formerly of the Chelsea Gas Light Company to the point of beginning; containing about twenty-nine (29) acres more or less together with all my right, title, and interest in and to the flats in said Island End River adjoining the described premises or any part thereof."

No plan has been presented to us on which is plotted this description, nor any plan showing the land of the United States, the Winnisimmet Company or the Chelsea Gas Light Company,

* The defendants were trustees under an indenture of trust, doing business under the name, New England Gas and Coke Company.

with reference to this description. A part of a dike is indicated on one plan, but there is nothing to mark the boundary of the defendants' ownership of any part of it. That deed may or may not include the dike. Whether it does include it or not must be shown by some identifying evidence before it, standing alone, can be evidence sufficient to warrant a finding of title in the defendants.

The plaintiff's evidence tended to show that the repairs on the dike after the break were made by two contractors who were paid by the city of Chelsea. The fact that one John Paul, with certain Italian laborers (who had been seen by one witness working in the yard of the defendants), was observed at some time (but whether before or after the break or with the city contractors does not appear) working upon the dike, does not connect the defendants with it in any responsible capacity.

The evidence of the defendants does not supply this missing link in the plaintiff's case. The dike appears to have been constructed by certain proprietors of marsh lands who, it is asserted, were incorporated for that purpose by St. 1788, c. 74. A deed executed in the name of the "Proprietors of the Marsh on each side of Island River" in 1854, to the United States, in an affidavit annexed contained the affirmation of ownership of the dike by the Proprietors. Such ownership appears to be recognized by St. 1848, c. 167, which is an act ceding to the United States jurisdiction over certain marsh lands in Chelsea, and in which is found this clause: "reserving and excepting, out of the provisions and operation of this act, the following parcel of land, belonging to the proprietors of the marsh on each side of Island River, running into the towns of Malden and Chelsea, and upon which is erected the dam and dyke of said proprietors, namely, a strip of land four rods in width. . . ." There is no evidence in this record that that title has ever changed. Manifestly on such a record there is an utter failure to connect the defendants with the ownership of the dike at the place where the water broke through it. Possibly the plaintiff might have proved title in the defendants; but it cannot be assumed that there was title when none is disclosed by evidence. The point was taken at the trial by the defendants and is pressed here. It cannot be ignored and as the record stands must be upheld.

In rebuttal the plaintiff offered a mortgage of all the defendants' "property including the dike near the pipe line to the Central Trust Co." This evidence had no tendency to explain or repel any offered in defence. It was evidence in chief to support the essential element of the plaintiff's case of showing title or responsible possession of the portion of the dike which gave way in the defendants. Having been offered out of order, whether it should be received or not rested in the judicial discretion of the trial judge.* *Lansky* v. *West End Street Railway,* 173 Mass. 20, and cases there cited. *Burnside* v. *Everett,* 186 Mass. 4. *Carroll* v. *Boston Coal Co.* 195 Mass. 399. Moreover, it does not appear when the mortgage was given. The evidence as to the Matthews deed and the assessors' and the tax collectors' records which was excluded, even if it would have been admissible provided it had been offered seasonably, stands on the same basis.

The other exceptions of the plaintiff become immaterial in view of the decision upon the fundamental issue of the defendants' title. The attempt of the plaintiff to take an appeal was futile. The statement as to an appeal is in the bill of exceptions, which raises all questions of law apparent on the record.

*Exceptions overruled.*

*B. F. Briggs, pro se.*

*T. Hunt, (F. W. Bacon* with him,) for the defendants.