RALPH S. SWEENEY, by his next friend,

*vs.*

CUMBERLAND COUNTY POWER & LIGHT COMPANY.

Cumberland.    Opinion January 31, 1916.

*Discretionary power of Court.    Evidence.    Exceptions.    Rule 39 of the Revised Rules of the Supreme Judicial Court.*

Action on the case for the recovery of damages for personal injuries suffered by the infant plaintiff while attempting to board a car operated by defendant and alleged to have been occasioned by its negligence.   The plaintiff excepts to a ruling of the trial court excluding evidence offered by him.

*Held:*

1. Where evidence is introduced by the defendant that an accident happened at a place other than that shown by the evidence of the plaintiff, the introduction of such evidence by the defendant does not make a fresh case which the plaintiff is entitled to meet, and the exclusion of evidence offered as in rebuttal by the plaintiff, corroborative of his evidence in chief, is within the discretion of the trial court.

2. It will be presumed that the ruling of the court receiving or rejecting evidence was right, unless the exceptions show affirmatively it was wrong.

3. Testimony in rebuttal must be confined to new matter brought out in the defendant's case, and is not admissible, unless by leave of court, if it merely tends to corroborate the facts brought out as part of the plaintiff's case in chief, and is merely cumulative in respect thereto.

4. A party having rested his case cannot afterwards introduce further evidence except in rebuttal unless by leave of court.

This is an action on the case in which the plaintiff, by his next friend, seeks recovery of damages for personal injuries suffered by plaintiff while attempting to board a car operated by defendant and alleged to have been occasioned by its negligence.

The plaintiff offered evidence as to how the injuries were received and then rested his case.   The defendant then offered testimony in contradiction of the testimony of the plaintiff.   After this evidence

was submitted, the plaintiff then sought to introduce testimony bearing on the question as to how the injuries were received. The court excluded the evidence on the ground that it was simply cumulative and not in rebuttal. The plaintiff excepted to certain rulings and instructions of the presiding Justice. Exceptions overruled.

Cases cited by defendant: *Eastman* v. *Howard*, 30 Maine, 58; *Lewis* v. *Hodgdon*, 17 Maine, 267; *Hathaway* v. *Williams*, 105 Maine, 565; *Yeaton* v. *Chapman*, 65 Maine, 126; *Pettengill* v. *Shoenbar*, 84 Maine, 104; *Field* v. *Long*, 89 Maine, 454; *Dunn* v. *Kelley*, 69 Maine, 145.

Case stated in opinion.

*Hinckley & Hinckley*, for plaintiff.

*Howard R. Ives*, for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HANSON, JJ.

BIRD, J. This is an action on the case in which the plaintiff, by his next friend, seeks recovery of damages for personal injuries suffered by plaintiff while attempting to board a car operated by defendant and alleged to have been occasioned by its negligence. The presiding Justice directed a verdict for defendant, and plaintiff excepts to a ruling excluding evidence offered by him.

It appears from the bill of exceptions that "the plaintiff testified in substance that the car stopped at one of the regular stopping places on Commercial street near its junction with Park street in Portland; that he walked along the side of the car and attempted to board at the rear end while it was at a stop; that while his hand was on the handle provided for that purpose and one foot on the step, the car started and the conductor at that moment pushed him; that he was thrown to the ground; that the head end of the car went a little way around the corner of Commercial and Park streets where the track turns up hill into Park street, which intersects Commercial street at a right angle, and stopped with its head end around the corner up the hill; that the rear end of the car was then nearly a car length from him as he lay on the ground before he got up, and that the conductor alighted and came back to him and that he then boarded the car. The defendant introduced the testimony of

the motorman, conductor and five passengers to the effect that the plaintiff attempted to board the car when it was moving quite rapidly; that it had been so in motion for a considerable distance back; that after the plaintiff fell the car was stopped and that the entire length of the car when so stopped was on the straight track on Commercial street and was not partly around the corner of Park street, as appears from report of their testimony made a part hereof. The plaintiff then called three witnesses in rebuttal, all of whom had been in court during the entire trial, for the purpose of showing that the car was at a stop when the plaintiff attempted to board it, that the accident took place as claimed by the plaintiff, where the accident took place, and where the car was when it stopped after the accident.

"The evidence of these witnesses was excluded by the court upon objection made by defendant for the reason as the court stated that this testimony should have been offered as part of the plaintiff's case in the first instance, that the testimony merely tended to corroborate the testimony of the plaintiff, and that the testimony was not rebuttal. To the exclusion of this testimony the plaintiff duly excepted which exceptions were at that time allowed."

In *Dana* v. *Treat,* 35 Maine (1853), 198, this court, while recognizing the right of the trial Judge to direct in what stage of a case a party shall introduce his testimony, stated that "it has not been the practice to preclude a party, that has once stopped in the introduction of his evidence, from presenting further evidence of a cumulative character" and it is there held that a party who has rested his case may introduce further, though merely cumulative, evidence, unless, before resting, the court notifies him that such testimony will not subsequently be received. See also *Moore* v. *Holland,* 36 Maine (1853), 14, 15; *Erskine* v. *Erskine,* 64 Maine (1874), 214; *Yeaton* v. *Chapman,* 65 Maine (1876), 126, 127. In the Commonwealth of Massachusetts, however, it was stated in 1848, that the order in which witnesses are to be examined, on a trial at bar, and the number which a party is allowed to call to the same point, are matters within the discretion of the judge. *Cushing* v. *Billings,* 2 Cush., 158. In the course of the opinion, Shaw, C. J., says "The orderly course of proceeding requires, that the party,

whose business it is to go forward, should bring out the strength of his proof, in the first instance; but it is competent for the Judge, according to the nature of the case, to allow a party who has closed his case to introduce further evidence. This depends upon the circumstances of each particular case, and falls within the absolute discretion of the Judge, to be exercised or not as he may think proper." We consider this case to declare what then was, and theretofore had been, the common law of the Commonwealth. *Ashworth* v. *Kittridge,* 12 Cush., 192, decided five years later, holds that the decision of the presiding Judge, admitting testimony for the plaintiff in reply, is within his discretion and not subject to exception and the same learned Chief Justice in delivering the opinion of the court says "It is not always easy to determine in such cases, whether the evidence is strictly original or rebutting but we consider it is for the Judge in his discretion to determine whether such evidence shall be received or not." In close adherence to this rule follow numerous decisions, among which may be instanced *Morse* v. *Potter,* 4 Gray, 192; *Chadbourne* v. *Franklin,* 5 Gray, 312, 314; *Macullar* v. *Wall,* 6 Gray, 507; *Robinson* v. *Railroad,* 7 Gray, 92; *Martin* v. *McGuire,* Id., 177; *Ray* v. *Smith,* 9 Gray, 141, 144; *Corey* v. *Janes,* 15 Gray, 543, 545; *Burnside* v. *Everett,* 186 Mass., 4, 7. These cases not only abide by and confirm the earlier decisions but afford interesting instances of the application of the law; see also 116 Mass., 297; 104 Mass., 593; 115 Mass., 44. In *Lansky* v. *West End Street Railway Co.,* 173 Mass., 20, an action for personal injuries where evidence was introduced by the defendant, that the accident happened at a place other than that shown by the evidence of the plaintiff, it is held that the introduction of such evidence by the defendant does not make a fresh case which the plaintiff is entitled to meet, and that the exclusion of evidence offered as in rebuttal by the plaintiff, corroborative of his evidence in chief, is within the discretion of the Justice presiding.

In 1907 this court adopted as an additional rule the following: A party having rested his case cannot afterwards introduce further evidence except in rebuttal unless by leave of court. 102 Maine, 535. It is now rule XXXIX of the Revised Rules, 103 Maine, 534. It was considered in *Hathaway* v. *Williams,* 105 Maine, 565. The effect of that decision is to construe the rule as an enunciation and

adoption of the rule of law prevailing in Massachusetts. We agree with the Justice presiding in holding the evidence offered to be cumulative and not in rebuttal. *Hathaway* v. *Williams,* supra; *Lansky* v. *Railway Co.,* supra. But even if this were otherwise, it is doubtful if exceptions would lie unless error amounting to abuse of judicial discretion is manifest; *Ashworth* v. *Kittredge,* supra; *Water District* v. *Water Company,* 100 Maine, 268, 270. It will be presumed that the ruling of a Judge, receiving or rejecting evidence, was right, unless the exceptions show affirmatively it was wrong. *Parmenter* v. *Coburn,* 6 Gray, 509, 510.

The exceptions therefore must be overruled.

*So ordered.*