[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)
Pursuant to Connecticut Practice Book § 17-44, et seq., the defendants, City of Shelton and Edwin J. Hellauer, have filed a motion for summary judgment with respect to the First and Second Counts of the plaintiffs' revised complaint dated October 13, 1998. The defendants submit that there exists no genuine issue of material fact and that they are entitled to judgment as a matter of law.
This property damage claim against the City of Shelton and defendant Hellauer, its Superintendant of Public Works, arises from an alleged flooding condition on March 19, 1996 and/or March 120, 1996. The plaintiffs' claim sounds in negligence. The claim is that a substantial amount of water backed up from a catch basin owned and controlled by the defendant City of Shelton, flooding the plaintiffs' home, causing damage to real and personal property of the plaintiffs. The plaintiffs allege that the City of Shelton had a duty to maintain the sewer and drainage systems to insure against such flooding. They further allege that the defendant City of Shelton failed to properly inspect the catch basin; failed to remove debris from the catch basin; failed to properly warn the plaintiffs of the water back-up; and failed to provide a sufficient outlet for the water, which overflowed onto their property. In the Second Count against defendant Hellauer, the plaintiffs allege similar acts of negligence as in Count One, and further allege that defendant Hellauer, as the Superintendent of Highways and Bridges for the City of Shelton, had control of-and responsibility for the maintenance and care of the sewer and drainage systems, including the system in front of the CT Page 8996 plaintiffs' home.
The defendants claim that the flooding was caused by a garbage can lid and a vehicle hub cap, which were blocking the flow of water at the catch basin. These items prevented the drain from carrying off the water, which resulted in the flooding of the plaintiffs' driveway, garage and basement areas.
The defendants have moved for summary judgment claiming that the plaintiffs cannot establish that the defendants had actual or constructive notice of the alleged condition claimed to have caused the flooding, and that the defendants had no reasonable opportunity to correct the condition.
The defendants have submitted an affidavit from Hellauer wherein he states that the City of Shelton had no notice; does not know when the hubcap or garbage can lid entered the storm system; and does not know how long they had been there or how they entered the system. He also states the City of Shelton had no proper notice of any problem with regard to the storm water drainage system in the area where the incident occurred.
The defendants also rely upon the deposition transcripts of the plaintiffs to establish that the plaintiffs themselves do not know this information regarding the hubcap and the garbage can lid.
The defendants argue that in the absence of any evidence of actual or constructive notice, the plaintiffs cannot prevail on their negligence claims against the defendants. The defendants claim that notice, whether actual or constructive, must be of the specific defective condition which is alleged to have caused the damage, and not merely of conditions naturally productive of the defect. Monahan v. Montgomery, 153 Conn. 386,390 (1966).
The plaintiffs argue that even without notice the defendants are subject to liability for defects which they themselves have created. The plaintiffs contend that the complaint alleges that the defendants created the defect at issue, that being an insufficient storm water drainage outlet. Further, the plaintiffs claim that the defendants have failed to address this claim in their motion for summary judgment and that, because the defendants created the defect, the defendants are not entitled to summary judgment.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light CT Page 8997 most favorable to the nonmoving party." Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, 206 Conn. 495,500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Co., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. Dickmont Plastics Corp., 229 Conn. 99
(1994).
Merely denying the allegations of a complaint without adducing evidence conclusively rebutting those allegations is not enough to entitle defendant to summary judgment. The defendants have not shown or attempted to show that there is no genuine issue of material fact regarding the plaintiffs' allegations that the defendants failed to provide a sufficient outlet for the water which overflowed onto the plaintiffs' property.Gambardella v. Kaoud, 38 Conn. App. 355, 360, 660 A.2d 877 (1995);Plouffe v. New York, N.Y. H.R. Co., 160 Conn. 482, 488-489, 280 A.2d 395
(1971). The allegation by the plaintiffs is of a positive act by the defendants, in that the defendants, in constructing the sewer line and catch basin, did not provide a sufficient outlet for the water. This allegation could form the basis of liability in negligence. Hanlon v.Waterbury, 108 Conn. 197, 200, 142 A. 681 (1928). The defendants have failed to adduce evidence in support of their motion for summary judgment to establish the absence of a factual dispute in connection with this allegation so summary judgment is inappropriate. Town Bank Trust Co.v. Benson, 176 Conn. 340, 306-307, 07 A.2d 971 (1978).
The court agrees with the defendants' argument that a municipality is not an insurer against damage to property resulting from an obstruction in its sewer lines. Katchenstein v. City of Hartford, 80 Conn. 663, 665,70 A. 23 (1908). However, in its decision, the court also stated the only ground upon which the plaintiff could recover in that case was if the city was guilty of negligence, and guilty of the negligence described in the complaint. Id. 667. Here, the plaintiffs argue that the City of Shelton has an insufficient drainage outlet whose natural tendency is to inevitably cause flooding. The general rule is that "A municipal corporation may be held liable without actual notice for injuries caused by defects or obstructions in its drains or sewers where they are due to negligence in plan or construction. 63 C.J.S. "Municipal Corporations" § 795 at 544 (1999). See Cyr v. Town of Brookifield, 153 Conn. 261,216 A.2d 198 (165).
Whether or not the plaintiffs can prove the negligence against the CT Page 8998 defendants is a matter for trial. The court notes that the plaintiffs' complaint has previously survived the defendants' motion to strike in which the defendants raised, in addition to other issues, the question of actual or constructive notice of the alleged defect. The court, acting by Thompson, J., denied the motion to strike on July 26, 1999.
Accordingly, for the reasons set forth herein, the court finds that there are genuine issues of material fact, and therefore, the defendants' motion for summary judgment is denied.
The Court
By Arnold, J.