### JOHN MULLALY *vs.* LYDIA AUSTIN.

In an action for breach of an executory contract, commenced before the expiration of the time when the stipulations of the parties, if there had been no breach, would have been fully performed, the declaration contained a count upon the special contract, and also the common count upon an account annexed, with an averment that both counts were for the same cause of action. The defendant did not demur, but, at the trial, after the introduction of competent evidence which supported either count, the presiding judge ruled that the action was prematurely brought and that it could not be maintained under the declaration. *Held,* that this ruling was erroneous, and that the plaintiff should have been compelled to elect on which count he would proceed and the other count stricken out, or the jury directed to find a verdict upon one count only.

CONTRACT brought originally before a justice of the peace for Berkshire, on a writ dated August 14, 1865. The plaintiff's declaration contained two counts, the first of which was on a special contract, and alleged that on March 28, 1865, the defendant hired from him his minor son James, to work for her as a farmer for seven months from April 1, 1865, at the rate of pay of twelve dollars per month ; that James entered into and continued in her service according to the contract, until June 3

1865, when she discharged him without notice and without cause ; and, although the defendant had always been ready and willing to cause him to remain in her service until the end of the seven months, that she refused to permit him to remain and also " refused to pay to the plaintiff any part of the wages due him for the service of his minor son as aforesaid, to the damage of the plaintiff in the sum of eighty-four dollars." The second was the common count upon an account annexed, for eighty-four dollars for seven months' work of the plaintiff's minor son ; and the plaintiff averred that both counts were for the same cause of action. Judgment was rendered for the plaintiff, at the trial before the justice of the peace, for the sum of sixty-seven dollars and fifty-two cents, and the defendant appealed to the superior court.

At the trial in that court, before *Rockwell*, J., the plaintiff testified to making the contract with the defendant personally for the rate of pay and for the time described in the declaration, and that in pursuance of it, he on April 3 sent his son to the defendant's farm, but the boy returned without having begun work ; that on April 5 the ´defendant came to him and asked why he did not send his son to work as agreed, and he replied that he did send the boy, but he had returned home, saying he was afraid of Jacob Austin, the defendant's brother ; that the defendant replied that Jacob had nothing to do about it, it was she who had hired the boy and was to pay him, and she wanted him to come to work ; that the next morning the boy went again to the defendant's farm and worked there in company with Jacob Austin until June 3, when Jacob came with him to the plaintiff and said he had brought the boy home, that he was a good boy, but the wages were too high, and if the plaintiff would lessen the wages he would take the boy back again ; but he, the plaintiff, answered he had nothing to do with Jacob about the contract for the boy's work, but had made it with the defendant, and he could not reduce the wages ; that Jacob replied the agreement was not in writing and the plaintiff could not help himself, and went away, leaving the boy ; that a few days afterwards he, the plaintiff, asked the defendant why the boy was dismissed

from her employment, and she denied that she had ever **hired** him. The plaintiff also testified that he was not able afterwards to find a place for his boy on any farm, and that the boy did no work from June 3 to the beginning of this action ; and that since the beginning of the action the defendant had offered to pay for the time the boy had worked, but for nothing more.

After the plaintiff's testimony was introduced, the defendant objected that the action was prematurely brought, and that it could not be maintained under the declaration ; and the judge so ruled. The plaintiff then called as a witness the justice of the peace before whom it was first tried, who testified that he did not remember any such objection at that trial. But the judge again ruled that the action could not be maintained under this declaration, and instructed the jury to return a verdict for the defendant ; and the plaintiff alleged exceptions.

*H. C. Joyner,* for the plaintiff.

*I. Sumner,* for the defendant.

BIGELOW, C. J. The rule of law is perfectly well settled that an action may be maintained to recover damages for the breach of an executory contract, before the expiration of the time when the stipulations of the respective parties, if there had been no breach, would have been fully performed. If one party is guilty of a clear infraction of the terms of an agreement, which virtually puts an end to it, the other party is not compelled to delay his remedy therefor, because a portion of the contract still remains executory. The breach by one party, by an absolute refusal to fulfil the contract on his part, renders performance by the other party impracticable, and the right to indemnity by an action for damages at once accrues. This is the established rule as applied to contracts founded on concurrent considerations, as where one agrees to do a certain thing, or perform some act, in consideration that another will fulfil some promise or undertaking on his part. Therefore, whenever a special agreement is entered into to do certain work, and the person for whom it is to be done refuses to perform, or renders himself incapable of performing, his part of the agreement, the other party may either sue for a breach of the agreement, or, if he so elects

Mullaly *v.* Austin.

he may rescind the agreement and sue on a *quantum meruit* for the work actually done. *De Bernardy* v. *Harding*, 8 Exch. 822. *Prickett* v. *Badger*, 1 C. B. (N. S.) 296. *Moulton* v. *Trask*, 9 Met. 577. *Canada* v. *Canada*, 6 Cush. 15. 2 Greenl. Ev. §§ 103, 104.

Such being the rule of law, we can see no reason for holding that this action was prematurely brought. The first count in the declaration contains a good statement of an executory contract, a breach thereof by the defendant by an absolute refusal to perform it, a readiness by the plaintiff to fulfil and perform his part of the agreement, and a sufficient averment of damages occasioned by such breach. The count is substantially according to the most approved form of declaring on an action for damages for a breach of an executory contract for labor and services; 1 Chit. Pl. 359; 2 Ib. 325, 332; except that it does not specifically allege the grounds or particulars of damage resulting from the breach. Such allegation is, however, unnecessary when special damages, not necessarily incidental to the breach alleged, are not claimed. Such damages as necessarily result from a breach of contract need not be stated in the declaration. 1 Chit. Pl. 371. The evidence offered at the trial tended to support this count in the declaration, and would have well warranted a finding in favor of the plaintiff.

Nor can we see any good reason why the plaintiff could not have recovered on his count in *indebitatus assumpsit*, if he had elected so to do, on the ground before stated, that he had a right to consider the special contract rescinded by the acts of the defendant and to recover for the value of the services which he had actually rendered.

The real difficulty was not that the evidence did not support tne counts or that it proved that the action was prematurely brought. The error was that the plaintiff joined two inconsistent counts in his declaration, alleging that they were for the same cause of action. This was a good ground for a demurrei to the declaration, but was not a valid reason for defeating the action after it had gone to trial and competent evidence had been offered which well supported either count in the declara-

tion. At this stage of the cause, the proper course was to compel the plaintiff to elect on which count he would proceed and to order the other count to be stricken out, or to direct the jury to find a verdict upon one only of the two counts. But it was clearly erroneous to put the plaintiff wholly out of court in a case where he had offered evidence which would have well warranted a verdict on one of the counts.

*Exceptions sustained.*