WILLIAM LOWE & another *vs.* JULIA PIMENTAL.

Suffolk.    March 10. — 11, 1874.    COLT & ENDICOTT, JJ., absent.

Contract upon an account annexed will lie for labor at a rate agreed by the day, and for materials furnished at reasonable prices.

Where the plaintiff sues upon an account annexed for work done and materials furnished, and the defendant contends that there was a special contract for a round sum, and the judge rules that if the jury find a special contract, the plaintiff is not entitled to recover on his declaration, evidence of the breach of the special contract, and of the value of the work, if such contract had been completed, is immaterial.

An auditor appointed to hear the parties, examine their vouchers and evidence, state the accounts between them, and make report thereof to the court, is authorized to consider and determine whether or not work was done and materials furnished under a special contract; and his report is *primâ facie* evidence of all the matters submitted to him.

When the plaintiff has put in an auditor's report in his favor and rested his case, it is within the discretion of the presiding judge, and not a subject of exception, to allow the plaintiff to put in additional testimony in support of it, at the close of the defendant's evidence.

CONTRACT upon an account annexed for work done and material furnished, in repairing and fitting up certain buildings of the defendant.

Trial in the Superior Court before *Devens,* J., who after verdict for the plaintiffs allowed a bill of exceptions in substance as follows :

" It appeared by the testimony, that there was a conflict between the plaintiffs and the defendant as to the terms of the agreement under which the work was done. The plaintiffs contended that they performed the work and furnished the materials under an agreement that they were to receive four dollars per day for the labor of themselves and their men, and were to fur-

nish the materials at reasonable prices. The defendant claimed that the work was done and materials furnished under a special contract that the plaintiffs were to put the premises in complete condition for occupancy for the sum of twenty-five hundred dollars. The case was sent to an auditor, who found that the contract was as stated by the plaintiffs. The testimony also tended to show that the plaintiffs had left the work unfinished without the consent of the defendant, there being a dispute between them as to the terms of the contract. Thereupon the defendant claimed that the plaintiffs had no declaration upon which they could proceed to the trial of their case; but this point was overruled. The defendant objected to the admission of the auditor's report in evidence, on the ground that it undertook, without right or authority, to report upon and find as to whether there was a special contract as alleged by the defendant, and failing in that moved that it be recommitted to the auditor to strike out that part of the report. The court overruled the objections, and admitted the report. The plaintiffs read the same and rested their case. Thereupon the defendant moved for a nonsuit, which motion was denied. The defendant then went into evidence tending to prove the special contract as alleged, and offered to show its breach by non-completion against her will, and the value of the work when completed and entire, and what it cost her to complete it. The court ruled the first offer incompetent, upon the ground that if a special contract existed for a fixed sum, nothing could be recovered by the plaintiffs under the present declaration, and the question of amount of damages for breach of special contract by the plaintiffs would not arise; and also the assessed value of the estate. These two last offers were ruled incompetent. At end of the defendant's testimony, the plaintiffs claimed to open and extend their affirmative case, the defendant contending that they should be limited to testimony in reply. The objection was overruled, and the plaintiffs put in their entire case to sustain the auditor's report.

" The defendant asked the court to give to the jury the following instructions: 1. The burden is upon the plaintiffs by fair preponderance of evidence to satisfy the jury on their declaration that there was no special contract for this work. 2. There is no ground for claim of pay or *quantum meruit* on the plaintiffs

theory, as their claim is that it was a special contract for four dol-
lars per day. 3. It is not competent for the legislative power to
establish what is, or is not, *primâ facie* evidence in regard to an
auditor's report, and the jury are at liberty to give it as much
or as little weight in the balance of the proofs as they shall think
it merits, upon all the facts in evidence. 4. At the strongest, it
is not *primâ facie* evidence of anything beyond a mere statement
of the accounts. 5. The report of the auditor is merely a piece of
testimony, and in its bearing upon the whole case, such weight
only is to be given to it as the jury may think it fairly entitled
to. If they believe its conclusion is not in accordance with the
preponderance of proved facts produced at the trial, they may
entirely disregard it. 6. When the statute declares it *primâ facie*
evidence, &c., this means only that if standing alone on both sides,
it would justify the jury in following its conclusions as the basis
of a verdict; but it does not shift the general burden which re-
mains with the plaintiffs.

"Upon these prayers for instructions, the court instructed the
jury as follows : The plaintiffs make a claim against the defend-
ant upon the ground that they have rendered labor and services
to her in the repair of her houses, and furnished materials there-
for ; that this contract was made originally for the larger house,
and was afterwards extended to the other house or houses, and
that in pursuance of this contract they did the work and fur-
nished the materials they had charged. The plaintiffs further
claim that there was no special agreement as to price except that
they did inform the defendant what they should charge for the
labor of their workmen per day, which was assented to. The
plaintiffs claim to be entitled to recover of the defendant what is
reasonable under this contract for the labor and the materials
they have furnished. The burden of proof is on the plaintiffs to
show that the contract is what they claim ; that they have under
it done the work and furnished the materials for which they
charge. The plaintiffs further claim to have furnished a plasterer
and other workmen at request of the defendant, and paid them
at her request and demand the sum so paid.

"The defendant denies that the contract is as claimed, and fur-
ther claims that all that was done, was done under a special con
tract, by which the plaintiffs agreed to do all the repairs which

they did do, in fact, including the bills of other workmen as well as furnish the materials therefor, for the sum of $2590. If it was so, the plaintiffs cannot recover, and a verdict must be for defendant ; first, because there is no declaration in any such contract ; second, because the plaintiffs abandoned the contract without completing it ; and causelessly so, if there was such a special contract.

" If there was no special contract to complete all the repairs at a fixed price, and the contract was as claimed by plaintiffs, the plaintiffs would be justified in stopping further work if the defendant, without right, claimed that their work was being done on a special contract, and that she should so treat it. The burden of proof is on the plaintiffs, upon the whole evidence to show that the work was done under the contract as they claim it. The first inquiry is whether the plaintiffs show this.

" The account of the plaintiffs has been to an auditor, and his report is *primâ facie* evidence. It is the finding of a person supposed to be competent upon the issue submitted to him ; it is proper for the consideration of the jury ; but when the whole case is gone into on both sides, I deem it proper to say that it does not seem to me evidence of great weight.

" If the plaintiffs fail to show the contract, as claimed by them, the defendant is entitled to a verdict. If the plaintiffs, by fair preponderance of evidence, have shown the contract to be as claimed by them, they are entitled to recover for such labor and materials as they show to have been furnished under it ; both that done by their own servants and that done by others whom they employed at the request of the defendant.

" To show what this work was, the plaintiffs have the auditor's report, which is *primâ facie* evidence ; but the remarks heretofore made apply to the auditor's report upon this part of the case. The plaintiffs further rely upon their own testimony as to the payment by them of certain bills ; the most important, a plasterer's bill, as they say, by request of the defendant. As to the value of the labor and materials, the plaintiffs rely upon their own testimony. They cannot recover for labor more than four dollars per day, which is the price, as they say, spoken of between the parties. As to the amount of the labor and materials, and the value, the plaintiffs further rely upon evidence from their

workmen who were there. On the part of the defendant, it is denied that any such amount of labor and materials was furnished or that it was of the value claimed. Upon this question the defendant has given her own evidence ; has also produced evidence of other witnesses who have examined the work and materials, as to the amount of them, and as to the value of them. This evidence is to be considered by the jury in determining how much was the amount and value of the work and materials furnished."

The defendant excepted to the above rulings and refusals to rule.

*T. Riley & G. W. Searle*, for the defendant.

*N. C. Berry*, for the plaintiffs.

GRAY, C. J. 1. By the practice in this Commonwealth, whatever might have been recovered under the common counts at common law may be the subject of a count on an account annexed. The common counts included work and labor done, and goods sold, either for a fixed price, or for their reasonable worth or value. It was therefore rightly ruled that the plaintiffs, under their declaration, might recover for labor at a rate agreed by the day, and for materials furnished at reasonable prices. Gen. Sts. *c.* 129, §§ 2, 87. 1 Chit. Pl. (2d Am. ed.) 335, 337.

2. The presiding judge, having ruled that if the work was done and the materials furnished under a special contract the plaintiffs could not recover under their declaration, rightly rejected, as immaterial, evidence of the breach of such special contract, and of the value of the work if such contract had been completed.

3. The auditor's report was rightly submitted to the jury as *primâ facie* evidence of all facts involved in his statement of the account between the parties, including the question whether there was a special contract between them. Gen. Sts. *c.* 121, § 46. *Locke* v. *Bennett*, 7 Cush. 445.

4. It is a common and convenient practice to permit the plaintiff to rest his case in the first instance after putting in the auditor's report, and to introduce additional testimony in support of it at the close of the defendant's evidence. The order of proof was in the discretion of the presiding judge, and not a subject of exception. *Brewer* v. *Housatonic Railroad*, 104 Mass. 593.

*Exceptions overruled.*