### LOUIS A. HOLMAN *vs.* DANIEL B. UPDIKE.

Norfolk. January 10, 1911. — April 4, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Election. Contract,* Performance and breach, Rescission.

In an action to recover $120 as the price or compensation for a series of six pencil drawings to be used as illustrations in a book to be published by the defendant, it appeared that there was an entire contract for the six drawings for the round price named, that when the plaintiff had completed five drawings and had done a part of the sixth, he showed them to the defendant who expressed dissatisfaction and said " that he would not accept the drawings as they were," that the plaintiff proceeded to finish the sixth drawing and then brought an action, previous to the present one, for the contract price, that in that action a judge, who heard the case without a jury, found for the defendant and a general judgment for the defendant was entered, that thereafter the plaintiff brought the present action in which he sought to recover damages on the ground that the defendant had repudiated the contract by ordering the plaintiff to cease work before the sixth drawing was completed and that this gave the plaintiff the right to rescind the contract and recover on a *quantum meruit* the value of his services. *Held,* that the plaintiff by bringing his first action had made a conclusive election of remedy by affirming the contract and suing on it for the contract price, and that, having failed to prove performance, it was too late for him to take the ground that complete performance on his part was not necessary because the defendant's repudiation of the contract had given the plaintiff the right to rescind it and recover for the value of his services. Whether on other pleadings the plaintiff could have recovered damages for the defendant's alleged repudiation of the contract was not considered.

CONTRACT for $120 as the price or compensation for six pencil drawings prepared by the plaintiff from certain photographs furnished by the defendant, with a count to recover $39 for other services. Writ dated February 8, 1909.

The first count was on a special oral contract alleged to have been made on or about December 10, 1906, and alleged that in pursuance of the contract the plaintiff proceeded to prepare the drawings, that he prepared and finished five of them, and had about three fourths completed the sixth drawing, when the defendant ordered the plaintiff to cease work thereon; that the plaintiff on or about March 19, 1907, tendered the drawings to the defendant and demanded payment therefor, but that the defendant refused to receive the drawings and refused to pay the plaintiff the price which he was to receive under the contract or any part thereof.

The second count was upon an account annexed with an item of $120 for work done on March 19, 1907, on six pencil drawings and was alleged to be for the same cause of action as the first count, with a second item of $4.52 for interest from March 19, 1907.

The third count contained, besides an item for interest, three items as follows:

1. December 17, 1906, To expert opinion in regard to photographs . . . . . . . . . . . . . . . $10
2. January 29, 1907, To photography at Wickford, R. I., one day . . . . . . . . . . . . . . . . . . 25
3. March 6, To eight photographs of Goddard House . . 4
                                                      —
                                                    $39

The third item of the third count was waived by the plaintiff.

The defendant's answer, in addition to a general denial, alleged that the plaintiff brought an action in the Municipal Court of the City of Boston for identically the same cause of action set forth in the declaration in the present action, that the former action was tried in the Municipal Court of the City of Boston, and on the defendant's appeal was tried again in the Superior Court, in which court *Fessenden,* J., made a finding in favor of the defendant; that on this finding a general judgment had been entered in the Superior Court before the date of the writ in the present action, which judgment had never been vacated but was in full force and effect at the date of the writ, and that therefore the present action could not be maintained.

In the Superior Court the case was tried before *Bell*, J. The plaintiff was the only witness and the facts shown by his testimony are stated in the opinion. On cross-examination the plaintiff and his counsel admitted that the drawings in the former action referred to in the answer and the parties to that action were identically the same as in the case at bar. The defendant then introduced in evidence the pleadings in the original action and the certificate of judgment for the defendant in that action. No question was raised as to the proper certification of the copies of the declaration and answer and certificate of judgment thus introduced on behalf of the defendant. The plaintiff's declaration in the former action was as follows:

" And the plaintiff says the defendant owes him $124 according to the account hereto annexed."

The account annexed was as follows:

" Needham, March 19, 1907.

" Mr. Daniel B. Updike,

|  | To Louis A. Holman, | Dr. |
|---|---|---|
| 1. | To six pencil drawings to illustrate Updike's History of the Narragansett Church  . . . . . | $120.00 |
| 2. | To eight photographs of the Goddard House . . | 4.00 |
| 3. | Total  . . . . . . . . . . . . | $124.00 |

" Count 2. And the plaintiff says that on or about the tenth day of December, 1906, the plaintiff and the defendant entered into an oral contract, by the terms of which the plaintiff was to prepare for the defendant six pencil drawings from such photographs as the defendant should select, for each of which drawings the defendant was to pay the plaintiff the sum of twenty dollars; that thereafter the defendant selected six photographs, and the plaintiff prepared and delivered to the defendant six drawings therefrom in accordance with the terms of said contract; that thereafter, to wit, on or about the nineteenth day of March, 1907, the plaintiff demanded of the defendant the sum of one hundred twenty dollars, the price agreed upon as aforesaid, but the defendant neglected and refused, and still neglects and refuses, to pay said sum to the plaintiff. Wherefore the defendant owes the plaintiff said sum of $120.

" Count 2 aforesaid and Item 1 of the first count are for one and the same cause of action."

The defendant asked the judge to make the following rulings:

1. The plaintiff cannot recover on the first count of his declaration.

2. The plaintiff cannot recover on the second count of his declaration.

3. The plaintiff cannot recover on the third count of his declaration.

4. The plaintiff cannot recover for the first item in the account annexed to the second count of his declaration.

5. The plaintiff cannot recover for the second item in the account annexed to the second count of his declaration.

6. As to the first count of the plaintiff's declaration the matter therein contained is *res judicata* and the plaintiff cannot recover.

7. As to the second count of the plaintiff's declaration the matter therein contained is *res judicata* and the plaintiff cannot recover.

8. As to the third count of the plaintiff's declaration the matter therein contained is *res judicata* and the plaintiff cannot recover.

9. Where a person has brought an action for work done or for goods sold and delivered, and that action has gone to judgment, it is not open to the plaintiff thereafter to bring a new action, state his case in a different form, and in this manner avoid the effect of the former judgment.

10. As to all the matters contained in the plaintiff's declaration there has been a former adjudication and the plaintiff cannot recover.

The judge refused to make any of these rulings except the ninth on the ground that the defendant was entitled to none of them. He refused to make the ninth on the ground that it was inapplicable to the present case.

The judge submitted the case to the jury who returned a verdict for the plaintiff in the sum of $134. The defendant alleged exceptions to the refusal of the rulings requested and also to such parts of the charge as might be inconsistent with those

rulings and to a certain illustration used by the judge in a part of his charge.

*H. D. McLellan,* (*S. C. Bennett* with him,) for the defendant.
*C. E. Allen,* (*W. G. Moseley* with him,) for the plaintiff.

BRALEY, J.  The case at bar is the second action between the parties, to ascertain their rights under a contract, whereby the plaintiff undertook to prepare and furnish for a round sum a set of six drawings or illustrations to embellish a church history which the defendant intended to republish.  It was uncontroverted at the trial, where the plaintiff was the only witness, that when five of the six drawings had been finished and the sixth partially completed, the defendant having expressed dissatisfaction with the character of the work, said " that he would not accept the drawings as they were."  A dispute followed as to whether the completed drawings in workmanship and details complied with the contract, but the plaintiff, who then presented a bill at the rate of $20 for each drawing, does not appear to have pressed the claim.  The refusal of the defendant is alleged in the declaration in the present case to have been an order " to cease work thereon," or a repudiation of the contract, which justified rescission by the plaintiff.  It would seem to be plain, that the contract was to do specific work for an entire sum, and could not be split into six parts without the defendant's consent, who was under no obligation to accept five drawings and pay for them, even if they corresponded with previous drawings of the plaintiff which the evidence shows the parties selected as the standard of workmanship.  *Fullam* v. *Wright & Colton Wire Cloth Co.* 196 Mass. 474.  *Badger* v. *Titcomb,* 15 Pick. 409, 413. *Gibson* v. *Cooke,* 20 Pick. 15.

The performance of the work was a condition precedent to payment, and unless the defendant acted in bad faith, and intended to take the position that, even if the set were completed as required by the contract, he would not accept, the plaintiff could not rescind.  *Daley* v. *People's Building, Loan & Saving Association,* 178 Mass. 13, 18.  The plaintiff, moreover, apparently did not so interpret the defendant's language or consider that he had been prevented from performance, or treat the contract as ended, for he went on and finished the sixth drawing, when he tendered the full set with a bill for the contract price,

which the defendant refused, because, as he then said, " he did not consider the drawings of such a character that he ought to accept them." It seems from the instructions to have been assumed at the trial that the defendant's conduct was equivocal and that the jury could find that the plaintiff was justified in treating the contract as repudiated by the defendant at some stage of performance, and that, if they so found, the plaintiff having rescinded, could recover. See *Barrie* v. *Quinby*, 206 Mass. 259.

But whichever position the plaintiff took, he cannot maintain his present action as to the principal controversy. If the agreement had been fully performed on the plaintiff's part, the defendant owed the contract price, which could be recovered under a count upon an account annexed, or the plaintiff might declare on the special contract, averring his performance and that the compensation agreed upon was payable, or, if the defendant ordered him to cease work and he elected to rescind, then he might sue for the value of his labor and materials. *Knight* v. *New England Worsted Co.* 2 Cush. 271, 289. *Harrington* v. *Baker*, 15 Gray, 538. *Mullaly* v. *Austin*, 97 Mass. 30. *Fish* v. *Gates*, 133 Mass. 441. *Bowen* v. *Kimbell*, 203 Mass. 364.

It is contended by the plaintiff that in the first action he rested his right of recovery solely on the ground that having fully performed he was entitled to the contract price. If, without deciding, it is assumed that the plaintiff's view of the pleadings is correct, the judgment for the defendant which followed after a trial on the merits must be treated as having conclusively settled that as between the parties and their privies the plaintiff failed to prove full performance on his part. In the present action the plaintiff treats the special contract as ended or rescinded, and although the language of the second count is not entirely clear, no question of a breach independently of a repudiation by the defendant is before us. It is therefore an action for labor performed for the defendant based upon a disaffirmance of the contract. But the plaintiff could not take successive and mutually repugnant positions by affirming the contract in one action, and, upon his failure, then disaffirm or repudiate it, and pursue the defendant in a second action for the value of his

labor. His choice seems to have been deliberate, and uninfluenced by either accident or mistake. By suing on the contract he elected to affirm it, and the defendant's first, second, fourth and fifth requests should have been given. *Peters* v. *Ballistier*, 3 Pick. 495. *Butler* v. *Hildreth*, 5 Met. 49. *LeBreton* v. *Peirce*, 2 Allen, 8. *Goodrich* v. *Yale*, 97 Mass. 15. *Lilley* v. *Adams*, 108 Mass. 50, 52. *Frisch* v. *Wells*, 200 Mass. 429. *Shoninger* v. *Peabody*, 57 Conn. 42. *Weil* v. *Guerin*, 42 Ohio St. 299, 304. *Cole* v. *Hines*, 81 Md. 476. *Daniels* v. *Tearney*, 102 U. S. 415. *Davis* v. *Wakelee*, 156 U. S. 680, 691.

The second item of the third count, of which the third item was waived at the trial, is for services apparently independent of the plaintiff's performance of the contract. It was understood when the price was fixed, that the defendant should furnish the photographs from which the drawings were to be produced, but, after conference, the defendant having decided that new photographs should be prepared, they were taken by the plaintiff under weather conditions described by him as involving much personal inconvenience and discomfort. If the jury found that this work was done at the defendant's request, they would be warranted in giving reasonable compensation, but there being no evidence that the plaintiff was ever employed, or his advice sought as an expert, except so far as involved in the proposed execution of the drawings, there can be no recovery under the first item of the third count. The defendant's third, eighth and tenth requests were properly denied. But for reasons stated the exceptions must be sustained, and it is unnecessary to consider the remaining exceptions relating to the effect of the former judgment or to the ruling restricting the scope of the argument to the jury of the defendant's counsel, or to the instructions, as the questions will not arise at the new trial, which under the present pleadings is to be confined to the second item of the third count. Whether upon proper pleadings the plaintiff can recover damages for a breach of the contract, we do not decide.

*So ordered.*