JOHN J. DALTON vs. AMERICAN AMMONIA COMPANY.

Suffolk.    March 4, 1920. — May 26, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Contract,* Performance and breach, Rescission. *Res Judicata. Election. Waiver.*

A merchant agreed in writing in September of a certain year to employ a salesman
  for a year for a stipulated salary per week and further compensation at the end of
  the year. The employment was terminated in April and two days later the sales-
  man brought an action against the merchant upon an account annexed contain-
  ing an item for salary for the week ending at the time of the termination of the
  employment, and a second and a third item, respectively, for salary for two
  weeks following the date of the writ. A judge who heard the case ruled that
  there could be no recovery upon the second and third items for salary and
  found for the plaintiff upon the first item, judgment was entered and the
  defendant satisfied an execution which was issued. Thereafter the plaintiff
  brought a second action, alleging a wrongful discharge and claiming entire
  damages for breach of the contract. The defendant contended that, by the
  previous action, the plaintiff had elected to treat the contract as rescinded and
  therefore that he could not bring the later action upon the contract as still in
  force. *Held,* that
    (1) The plaintiff in neither action elected to treat the contract as terminated;
    (2) The two actions were not inconsistent;
    (3) The two items in the first action, wherein the plaintiff claimed salary for
  two weeks succeeding his alleged discharge, did not constitute a decisive election
  inconsistent with the second action;
    (4) Acceptance of satisfaction of the execution issuing on the judgment in the
  first action did not bar the second action.

CONTRACT for the alleged breach of an agreement in writing to
employ the plaintiff as a salesman for one year from September 15,
1913, at a salary of $50 a week and all travelling and other reason-
able expenses and a further compensation payable at the end of
the term of two hundred and fifty shares of the capital stock of
the defendant of the par value of $10 a share. Writ in the Superior
Court dated June 8, 1914.

The defendant filed a plea *puis darrein continuance,* setting up
that, by reason of the judgment for the plaintiff in the action in
the Municipal Court of the City of Boston, described in the opin-
ion, and acceptance and acknowledgment by the plaintiff of satis-
faction of an execution issued therein, the plaintiff was estopped

from proceeding further with this action. The plea was heard upon evidence by *Wait*, J., and was overruled; and the defendant appealed.

The defendant then filed an amended answer alleging that the proceedings in the Municipal Court and the judgment therein were *res judicata* of the subject matter of this action.

The case first thereafter was tried before *Bell*, J., who ordered a verdict for the defendant after the jury, in answer to special questions, had found that the plaintiff had failed in his duty toward the defendant in a material respect which was not waived, that the defendant did not discharge the plaintiff on April 11, 1914, and that the question, whether the plaintiff was wrongfully discharged, was not tried in the Municipal Court of the City of Boston. The judge refused to rule, in effect, that a wrongful breach of the contract by the defendant was established by the judgment in the Municipal Court, and ordered a verdict for the defendant. Exceptions by the plaintiff were sustained in an opinion reported in 231 Mass. 430.

The case again was tried before *Quinn*, J. Material facts and contentions of the defendant are described in the opinion. The jury found for the plaintiff in the sum of $4,365.40; and the defendant alleged exceptions.

*E. R. Anderson*, (*T. J. Casey* with him,) for the defendant.

*J. J. Walsh*, (*J. F. Lynch* with him,) for the plaintiff.

CARROLL, J. This is an action of contract to recover damages for breach of a written agreement to employ the plaintiff as a salesman from September 15, 1913, to September 15, 1914, at a weekly salary of $50, and further compensation, payable at the end of the term, of two hundred and fifty shares of the capital stock of the defendant corporation at its par value of $10 a share. The writ is dated June 8, 1914. There was evidence that the defendant discharged the plaintiff on April 11, 1914. On April 13 the plaintiff brought an action in the Municipal Court of the City of Boston on an account annexed, — item one being for salary for the week ending April 11, item two for salary to April 18, and item three, salary to April 25 and expenses from March 14 to April 11. The judge found there was due the plaintiff the sum of $50 for salary to April 11, 1914, and $45.78 for expenses. Judgment was entered in the sum of $95.78. Execution issued and was

returned to court, satisfied in full. At the trial of this action the record of the former action was introduced in evidence by the plaintiff.

The defendant filed a plea to dismiss this action because of the former proceedings. At the hearing on the plea evidence was presented which is not reported; the plea was overruled. The plaintiff recovered a verdict of $4,365.40. In *Dalton* v. *American Ammonia Co.* 231 Mass. 430, when the same parties were before this court, it was decided that the judgment of the Municipal Court of the City of Boston was conclusive, that the defendant had broken the contract and had wrongfully discharged the plaintiff. The defendant now contends that as the plaintiff has elected by this action in the Municipal Court to treat the contract as rescinded and has recovered the value of the services actually performed, he cannot pursue an inconsistent remedy and recover damages for the breach, based on the affirmation of the contract.

There is no doubt of the general principle of law that the plaintiff had an election of remedies; and if he chose to treat the contract as ended or rescinded and recovered the value of the work and labor done he could not thereafter consider it as subsisting and recover damages for its breach. Such an action would be inconsistent with his former action, and he must accept the consequences of his assent to the repudiation of the contract by the defendant. *Mullaly* v. *Austin,* 97 Mass. 30. *Daley* v. *People's Building, Loan & Saving Association,* 178 Mass. 13, 17. *Brown* v. *Woodbury,* 183 Mass. 279. *Holman* v. *Updike,* 208 Mass. 466, 471. *Pye* v. *Perry,* 217 Mass. 68, 70. *Bullard* v. *Eames,* 219 Mass. 49, 53. *Goodman* v. *Pocock,* 15 Q. B. 576. Unquestionably the plaintiff could, upon the defendant's breach, have elected to consider the contract ended and have sued upon a *quantum meruit* for the value of his services, and such an election would have precluded him from pursuing a contradictory remedy based on the affirmation of the contract. *Mullaly* v. *Austin, supra.*

The action of debt is abolished in this Commonwealth, R. L. c. 173, § 1, cl. 1, and if the terms of a special contract have been fulfilled so that nothing remains but a duty to pay money, the amount may be recovered under an account annexed. *Hall* v. *Wood,* 9 Gray, 60. *Morse* v. *Sherman,* 106 Mass. 430. *Lovell* v. *Earle,* 127 Mass. 546. By the practice in this Commonwealth,

recovery may be had on an account annexed where the common counts at common law would lie, *Lowe* v. *Pimental,* 115 Mass. 44; and if the defendant repudiates a special contract and unlawfully discharges a servant, the latter may recover upon an account annexed either for the price fixed in the contract or the reasonable worth of the services. *Smith* v. *First Congregational Meetinghouse in Lowell,* 8 Pick. 178. *Van Deusen* v. *Blum,* 18 Pick. 229. *Lowe* v. *Pimental, supra.* When such a contract is broken by the defendant without the plaintiff's fault, and the latter, disaffirming the contract and considering it at an end, sues for the value of the services rendered upon a *quantum meruit,* he may recover the full value of his services independent of the contract price, as if the special agreement did not exist; and the contract price is important only as bearing on the true value of the services rendered. *Fitzgerald* v. *Allen,* 128 Mass. 232. *Connolly* v. *Sullivan,* 173 Mass. 1. *Brown* v. *Woodbury,* 183 Mass. 279. *Posner* v. *Seder,* 184 Mass. 331.

The plaintiff recovered in the Municipal Court upon an account annexed for the expenses and the instalments of salary due under the contract. He did not elect by this action to consider the contract as terminated. He relied on it and considered it still in force. He did not in the former action seek to recover for the value of the services independent of the contract price; he recovered the wages due him as wages, or salary, according to the stipulation of the contract; and the action was not inconsistent with the position he now takes in claiming that the contract is still subsisting and that he is entitled to damages for its breach. "The defence of waiver by election arises where the remedies are inconsistent; as where one action is founded on an affirmance, and the other upon the disaffirmance of a voidable contract, or sale of property. In such cases any decisive act of affirmance or disaffirmance, if done with knowledge of the facts, determines the legal rights of the parties, once for all." *Connihan* v. *Thompson,* 111 Mass. 270, 272.

The contract provided that the plaintiff was to receive a salary of $50 a week. He could have sued for this claim even if he continued in the employment of the defendant. The defendant on April 11 became his debtor for that amount, and his demand was not inconsistent with the one he now makes, based upon the refusal

of the defendant to carry out the agreement to employ him. It follows that the former action of the plaintiff in enforcing payment of the fixed sum due by the terms of the special contract, is consistent with the position he now takes in claiming damages founded upon the defendant's breach of a valid existing contract, in violation of the plaintiff's rights. *Perry* v. *Dickerson,* 85 N. Y. 345. *Williams* v. *Luckett,* 77 Miss. 394. See *Isaacs* v. *Davies,* 68 Ga. 169; *Allen* v. *Colliery Engineers' Co.* 196 Penn. St. 512; *Liddell* v. *Chidester,* 84 Ala. 508.

The defendant relies on *Olmstead* v. *Henry Bach & Son,* 78 Md. 132, *James* v. *Allen County,* 44 Ohio St. 226, *Doherty* v. *Schipper & Block,* 250 Ill. 128, and *Jones* v. *Dunton,* 7 Ill. App. 580. These cases are distinguishable from the case at bar. In the case first cited, the plaintiff was hired in February, 1892, for the term of one year, at a weekly salary of $50. On April 5 of that year, he was discharged and his wages were paid to April 9. Nine days after his dismissal he sued for and recovered the sum of $50, which judgment was paid. In the subsequent action for the recovery of additional instalments of salary, it was decided that he was barred by the former action, which, it was held, was in effect an action of damages for the breach of the contract. In that case there was no debt due the plaintiff for services rendered. When he began his action he had been paid in full for services performed, and the wages he sought to recover, as well as those sued for in the former action, were not actually earned but were for work and labor which he was ready and willing, but had not been permitted, to perform. The same principle in substance was held to be applicable in the other above mentioned cases. *Jones* v. *Dunton* cites with approval *Howard* v. *Daly,* 61 N. Y. 362, quoting from page 370 of that opinion, when, after stating that a servant wrongfully discharged may treat the contract as continuing and recover for the breach or may rescind and sue for the value of the services performed, states the rule in this language: "These remedies are independent of and additional to his right to sue for wages, for sums actually earned and due by the terms of the contract."

In *Keedy* v. *Long,* 71 Md. 385, also relied on by the defendant, the appellee sued for damages on account of the wrongful dismissal from employment. She was hired for a year, on or about

September 6, her salary to be paid monthly. On the twenty-eighth of the following month she was discharged. Her salary was paid to October 8. A few days after her dismissal she brought an action before a justice of the peace for the value of her services for twenty days, and recovered judgment which the appellant paid. It was decided that her action in the Justices' Court prevented her from recovering damages for the breach of the contract. The court expressly refused to assent to the rule laid down in *Howard* v. *Daly, supra.* In the course of the opinion it was said, at page 394: "Where the master wrongfully discharges the servant, the servant has two alternative remedies for this breach of the contract, and for the recovery of compensation for the services actually rendered, whether rendered up to a date or time fixed in the contract for the payment of a stated instalment of the salary, or whether rendered for a longer or a shorter period; and that the pursuit of one of these remedies will prevent the other from being invoked." So far as *Keedy* v. *Long* is an authority for the doctrine that, when instalments of wages are due to a servant by the terms of a special contract for work actually done and he is wrongfully discharged, if he sues for the recovery of these instalments, he thereby forfeits his claim to recover entire damages for the breach, we must decline to follow it.

Item two of the plaintiff's declaration in the earlier action is for "salary as salesman" to "April 18," and item three, for "salary as salesman" to "April 25." Under his declaration the plaintiff could not recover and did not in fact recover for these items, *Moulton* v. *Trask*, 9 Met. 577, 580, and by merely declaring on them we do not think it can be said that he has made a decisive election inconsistent with his present claim. See, in this connection, *Moulton* v. *Trask, supra; Miller* v. *Hyde*, 161 Mass. 472; *Frost* v. *Thompson*, 219 Mass. 360, 369.

The defendant contends that the plaintiff's discharge was revoked and bases this contention on the statement of James J. Loughery, the treasurer of the defendant corporation, that on April 11 he told the plaintiff "he would talk with him in Pittsburg; that he was to go there and that he (Loughery) would talk with him there." Loughery denied that he discharged the plaintiff. The previous action settled the question that, when that action was brought on April 13, the plaintiff was then discharged

without right.   In view of this fact, the evidence was not important and the defendant's request was refused rightly.

<div align="right">

*Exceptions overruled.*

*Order overruling plea affirmed.*