CHARLES E. TOLMAN

*vs.*

UNION MUTUAL LIFE INSURANCE COMPANY.

Cumberland.    Opinion September 6, 1924.

*An amendment setting up a new cause of action or enlarging the cause of action originally set forth in the declaration cannot under the Rules of this Court be allowed.*

In this case the contention of the plaintiff that two causes of action were set forth in the original declaration, though imperfectly stated, and the proposed amendment was but a fuller statement of them, cannot be sustained.

The proposed amendment clearly sets up two causes of action, and even if both causes of action were included in the declaration but imperfectly stated, the proposed amendment enlarges the causes of action as set forth in the declaration.

On exceptions.    An action on a contract between plaintiff and defendant to recover commissions alleged to be due plaintiff for soliciting life insurance as defendant's agent.    The defendant pleaded the general issue, and the case was committed to an auditor and several times recommitted.    After the auditor filed his reports, the plaintiff filed various motions to amend the declaration.    At the October Term, 1922, the motion to amend, now in question, was filed, and after a hearing the amendment was allowed, and defendant entered exceptions.    Exceptions sustained.

The case is fully stated in the opinion.

*Frank A. Morey,* for plaintiff.

*Woodman, Whitehouse & Littlefield,* for defendant.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

WILSON, J.　An action brought on a contract of agency entered into November 1st, 1906, between the plaintiff and the defendant company, under which the plaintiff originally sought to recover commissions alleged to be due on premiums on insurance policies solicited by him and issued by the defendant. The writ is dated September 3d, 1913.

After repeated references to an auditor it was finally determined that there had been a termination of the contract by the defendant on November 15th, 1907, for alleged non-compliance with its terms by the plaintiff and whether for well-founded cause or not, that the plaintiff could not recover commissions on renewal premiums falling due after the termination of the contract, but only for damages in case it was terminated by the defendant without cause.

The plaintiff then sought to amend his declaration by adding a count for unliquidated damages by reason of an alleged breach of the contract by the defendant in November, 1907, which amendment was not allowed on the ground that it set up a new cause of action.

At a later term, however, the plaintiff offered another amendment which was allowed by the court, and to the allowance of which the defendant excepted. The case is before this court on the defendant's exceptions.

The proposed amendment now sets forth two separate causes of action—and so in terms describes them—one for unliquidated damages by reason of the alleged breach in November, 1907; the other, for commissions alleged to be due him, but only for those due prior to November, 1907.

Plaintiff now seeks to avoid the objection—insuperable under the Rules of this Court—that his proposed amendment sets up a new cause of action, and contends that there was in the original declaration at least an imperfect statement of a right to damages in case the contract was terminated without his fault, and otherwise than by a thirty days' notice in writing. His contention being, that the proposed amendment merely correctly states, and with more fullness, an "imperfectly stated right" to receive commissions on renewal premiums either as due under the contract, or as damages in case of breach without fault of plaintiff.

If there were in the original declaration an imperfect attempt to set forth a claim for damages in any form by reason of an actual breach of the contract in November, 1907, it was so imperfectly done that it is not recognizable. The language of the declaration is, that "unlawfully and illegally the defendant Company in November, 1907, attempted to cancel the agreement of the plaintiff herein, and thereafter deprived him of a large amount of commissions which became due after and had become due to him before the attempted cancellation."

Clearly no actual breach of the agreement and consequent damages is here alleged. The only inference from such language, which must be construed against the pleader, is, that the alleged "attempted cancellation" was not effective, and that the commissions he sought to recover as thereafter due became due under a contract still existing. In fact, he so alleges at the close of his declaration and says: "that said amount is due him for commissions and services from said defendant Company under and by virtue of the agreement with him."

The proposed amendment, however, goes even farther than the recovery of damages for commissions which would have become due on renewal premiums but for the defendant's alleged unwarranted breach, and seeks recovery of commissions which he might have earned, or in the language of the amendment; of, "sundry great gains and profits that would have been earned and become due and payable but for such breach by the defendant," which even upon the plaintiff's theory of an "imperfectly stated right," is at least an enlargement of his original cause of action as stated in his writ, and under the decisions of this court renders the amendment equally as objectionable as though it stated an entirely new and independent cause of action. *Brown* v. *Starbird*, 98 Maine, 292.

It can hardly be necessary to cite authorities in support of the rule that a count for commissions alleged to have become due under an existing contract and a count for the recovery of the amount of such commissions in the form of damages on the ground of an unwarranted termination of the contract by the defendant, or a count to recover unliquidated damages in any form after breach, state two different causes of action, or that any amendment which enlarges the plaintiff's right of recovery cannot be allowed under the well-established law of this State. *Harrington* v. *Separator Co.*, 120 Maine, 388;

*Brown* v. *Starbird,* supra; *Anderson* v. *Wetter,* 103 Maine, 257; also see *Derosia* v. *Ferland,* 83 Vermont, 372; *Mullaly* v. *Austin,* 97 Mass., 30; *Dalton* v. *American Ammonia Co.,* 236 Mass., 105.

The law of this jurisdiction is liberal in the allowance of amendments when justice can be done. It may be unfortunate that the plaintiff misconceived the basis on which his right to recover for commissions which would have become due him in the future, or which he might have earned but for the alleged breach of his contract by the defendant, inasmuch as a new action therefor is now barred; but this court cannot disregard the well-settled law of pleading, or wink at plain violations of its Rules long established.

*Exceptions sustained.*